VIVIAN H. DEARDEN, APPELLANT, v. ALBERT D. GALLI, RESPONDENT.

No. 3772

December 2, 1954.                    277 P.2d 381.

See also 70 Nev. 410, 269 P.2d 1014.

*Robert R. Gill,* of Ely; *Pike & McLaughlin,* of Reno; *Stewart, Cannon & Hanson,* and *Ernest F. Baldwin,* of Salt Lake City, Utah, for Appellant.

*Gray & Horton,* of Ely, for Respondent.

**OPINION**

By the Court, EATHER, C. J.:

This action was instituted by Albert D. Galli, respondent, for damages sustained in an accident which occurred on May 11, 1951, on the ranch of the appellant, Vivian H. Dearden, in Garrison, Utah.

The parties will be referred to as in the court below, and to better appreciate the contentions of both parties it is necessary that we briefly state the facts.

The plaintiff, a man of 62 years, had been employed steadily by the defendant for the past 18 months. Before that time, he had worked for the defendant and other members of the Dearden family at various times. Plaintiff did general farm work, although most of his time was spent in feeding cattle and irrigating. On the day of the accident, plaintiff was engaged in irrigating when the defendant requested him to help in loading a spike-toothed harrow onto the bed of a General Motors Corporation truck, which was equipped with an Omaha stock

rack about five feet high. Access to the enclosed area of the bed was through an endgate, located on the rear of the rack, which could be raised on guides provided by two stringers, lined on the inside with angle iron. The gate weighed from 60 to 80 pounds. When the gate was raised it was held in that position by an iron pin inserted through a hole in the adjacent stringer and underneath the crosspiece of the gate.

Immediately before the accident, the defendant got inside the truck bed and lifted the gate. When it was fully raised he asked the plaintiff to insert the iron pin, which the plaintiff attempted to do. He was not sure whether or not he inserted the pin to its full length; however, the pin was apparently inserted far enough to hold the gate up temporarily. Thereafter, the defendant lifted on the harrow from the inside of the truck bed and the plaintiff lifted from the outside. To get the harrow through the gate opening it was necessary to slant it slightly. After the two men had lifted the harrow through the opening the gate fell, striking both of plaintiff's arms in the forearm area between his wrist and elbow, causing an incomplete linear fracture of the right forearm, and a simple fracture of the left forearm. After the accident, the plaintiff was taken to the Steptoe Hospital in Ely, Nevada, for treatment, after which he was treated at intervals by Dr. T. V. Ross, who released him on or about August 1.

Upon trial and submission of the case to the jury a verdict was returned against defendant in the sum of $20,680. Judgment was entered upon the verdict, together with costs and disbursements.

Defendant's motion for a new trial was denied and this appeal is prosecuted from the judgment rendered upon the verdict of the jury and from the denial of defendant's motion for a new trial.

The points made in support of the appeal are as follows:

1. The court erred in not directing a verdict of "No

cause of Action" for the defendant and against the plaintiff at the close of all the evidence.

2. The court erred in its instructions to the jury and particularly in failing to submit to the jury the issue of whether the plaintiff was guilty of contributory negligence.

3. The court erred in failing to grant defendant's motion for a mistrial after counsel for the plaintiff in his voir dire examination of the jurors "informed them that the defendant was covered by a policy of liability insurance."

4. The amount of damages awarded was excessive, indicating the jurors in arriving at their verdict were governed by passion or prejudice and failed to follow the instructions of the court.

Appellant contends that the court committed error in giving two instructions relative to respondent's defense of contributory negligence on the part of plaintiff. These are instructions Numbers 6 and 10 and read as follows:

"Instruction No. 6. You are instructed that before you can find a verdict in favor of the Plaintiff against the Defendant in this action, you must find from a preponderance or greater weight of the evidence not only that the Defendant was negligent in one or more of the respects alleged in Plaintiff's Complaint, but also that such negligence on his part was the proximate cause of said accident. If you find from the evidence that Defendant was not negligent, or if you find that he was negligent but that his negligence was not the proximate cause of the accident, or if you find that Plaintiff was negligent in any respect whatsoever, and that his negligence was a proximate cause of said injury then the Defendant is not liable.

"Instruction No. 10. You are instructed that if you find from the evidence that while said gate was in a raised position, the Plaintiff failed to insert the iron pin into the hole and underneath said gate to the full length of said pin and that under the evidence it was and should

have been apparent to a reasonable person under the circumstances that failure to insert said pin to its full length would permit the gate to fall, then you are instructed that such failure, if any, was the proximate cause of said accident, then Plaintiff cannot recover and you must return a verdict in favor of the Defendant."

Appellant's objection to these instructions is that both of them predicate the validity of the defense upon the proposition that the plaintiff's negligence "was a proximate cause of said injury" and do not permit of the possibility that the plaintiff's negligence may have contributed or have been a proximate contributing cause of the injury. It is contended that by the language of the instructions the jury would not have felt able to decide for the defendant on the basis of the plaintiff's contributory negligence unless it felt that the contributory negligence was the sole proximate cause of the accident. Respondent does not appear to deny that such is the effect of the instructions.

He contends that any error which may thus have been committed was not prejudicial for the reason that contributory negligence could not be regarded as an issue in the case. He contends first that there was no evidence of contributory negligence. We feel, however, that an inference may quite properly have been drawn by the jury from the evidence as to the manner in which the accident occurred, to the effect that the pin was carelessly or improperly inserted by the plaintiff.

Respondent's principal contention is that contributory negligence was not pleaded and therefore could not properly have been regarded as an issue. The answer alleges in its first affirmative defense that the "end gate dropped suddenly from a cause unknown to defendant." It further alleges "that at the time the iron pin was inserted in the end gate by plaintiff, defendant was not in a position to see and did not see whether or not it was properly inserted to its full length or depth of the

hole." As a third affirmative defense, answer alleges: "That whether the falling of the end gate as aforesaid was due to faulty or careless placement of the pin therein by plaintiff or to the rack being swayed by wind or both causes, plaintiff was familiar with the rack, it was in the same condition as when previously used, the danger incident to the pin coming out was equally or more apparent to plaintiff than to defendant due to their respective positions at the time, and the danger of injury by the falling of the end gate if the pin should come out, was an assumed risk on the part of the defendant." It might quite properly be said that the answer had failed specifically or sufficiently to allege contributory negligence. It is, however, clear from the allegations of the answer that while the defendant did not know of the cause of the accident or of the dropping of the endgate, he did have in mind the possibility that the pin may not have been properly inserted and that the accident may have resulted from the "faulty or careless placement of the pin."

Subsequently the defendant moved to amend the answer "in order to plead negligence on the part of the plaintiff so that defendant may have the benefit of such defense in the event evidence be adduced to support such further defense." The amendment sought would have added a fourth separate defense as follows: "That if the falling of the end gate as aforesaid was due to faulty or careless placement of the pin therein by plaintiff, then said conduct on his part constituted negligence which solely caused or proximately contributed to cause said accident." The motion to amend was denied. The minute entry with reference to this action, signed by the district judge, reads as follows: "At 10:35 A.M. a motion to amend answer was made by defense and was ordered denied for the reason that matter is covered adequately by other pleadings in answer."

The matter thereupon proceeded to trial. Following the introduction of all evidence, the defendant moved

for directed verdict "in favor of the defendant and against the plaintiff on the grounds and for the reason that the evidence shows conclusively and as a matter of law, and to the extent that reasonable minds could not differ, that the plaintiff himself was guilty of negligence which proximately contributed to the accident and its resulting injuries, in first not inserting the iron pin under the gate to its full extent." This motion was argued to the court by counsel for defendant. Counsel for plaintiff did not answer the argument, did not contend that contributory negligence was not an issue, but simply stated: "I will submit it." The court in ruling upon the motion, did not rule that the issue of contributory negligence was not properly before the court, but stated: "The motion is denied. The court feels there is ample evidence to go to the jury. To rule on the motion would be an invasion of the province of the jury."

The instructions were then given to the jury, including Instructions 6 and 10 heretofore quoted. While it appears that counsel for defendant excepted to the language of these instructions, it does not appear that counsel for plaintiff objected to them.

In arguing the case to the jury, counsel for the defendant apparently argued the matter of contributory negligence for it appears that counsel for the plaintiff, during the course of this argument, objected to such argument being made, as follows: "I submit that it is improper argument; he is arguing contributory negligence." The court's response to this was as follows: "I think it is within the scope; the objection is overruled."

Trial of the matter was had September 29, 1952. On May 28, 1953, decision was rendered by the trial court on defendant's motion for a new trial. At this time, with reference to the court's action in denying defendant's motion to amend the answer, the trial court stated: "Defendant's motion for permission to amend his answer to allege the negligence of plaintiff, having been opposed by plaintiff, that the granting of such motion at the

opening of the trial would require postponement of the trial at the expense of [plaintiff] to permit preparation to meet the new defense, and further that such motion was not supported by affidavits as in § 8640 (b) N.C.L. 1931–41 Supp. (since superseded by N.R.C.P.). The motion was denied without prejudice to renew the same if the evidence would support such amendment to conform to the proof. The order was excepted to and the motion was not renewed. * * * The proposed amendment as an addition to defendant's third separate and affirmative defense averring assumption of the risk was, we think, bad in form, being equivocal and not the pleading of an ultimate fact."

A review of the record in the respects noted would seem to lead inevitably to the conclusion that while contributory negligence was never affirmatively pleaded, the reason for this was that the true facts were unknown to the defendant. It is obvious, however, that from the outset the defendant had in mind the possibility that the evidence would support an inference in this respect and that the defendant intended to rely upon contributory negligence should the facts permit such reliance. This fact was made abundantly clear to counsel and to the court by motion to amend prior to trial. The action taken by the court at that time, as reflected by the minute order, clearly indicates that the trial court understood that the defendant intended to rely upon contributory negligence should the evidence support such theory. It might well be said that the law of the case with reference to the sufficiency of the pleading was established at that time by the minute order entered by the court indicating that the defense of contributory negligence had been sufficiently covered by the answer.

The argument of counsel for the defendant on motion for directed verdict and the argument to the jury, both indicated clearly the defendant's theory of defense upon completion of the taking of evidence. The action taken by the judge in denying the motion for directed verdict

and in overruling plaintiff's objection to the argument of contributory negligence to the jury, indicate that the court at that time respected defendant's theory of contributory negligence as valid. The fact that the judge gave Instructions 6 and 10, covering the matter of contributory negligence, further supports our view that the judge regarded this as a valid theory of defense and one which should go to the jury for determination. We cannot, then, avoid the conclusion that counsel and the court consistently throughout the trial of the case regarded contributory negligence as a theory of defense and that the matter was conducted throughout upon the supposition that such a defense had been sufficiently pleaded to warrant its going to the jury for determination. Under these circumstances, can it be said that defendant's failure to renew his motion to amend in order that the allegations of the answer might conform to the proof constituted a waiver of defendant's right to rely upon contributory negligence as a theory of defense? It should be noted that the action of the court, taken at the time the matter was presented to the jury both by argument and by instruction, would indicate that in the view of the court there had not been such a waiver. Furthermore, the law would appear to be to the effect that "where a case is tried by the respective parties on the theory that the pleadings present an issue of contributory negligence, and where no objection has been made to the form of the pleadings and there is substantial evidence to support this issue, it becomes the duty of the trial court to give to the jury such appropriate instructions on this subject as have been offered by the defendant." Hoffman v. S. P. Co., 84 Cal.App. 337, 258 P. 397, 400, and cases cited therein.

This court is neither deciding nor implying that the evidence disclosed by the record in this case established the fact that plaintiff was guilty of contributory negligence, but is merely holding that those facts furnish substantial evidence that the matter was conducted

throughout upon the supposition that such a defense had been sufficiently pleaded to warrant its going to the jury for determination under appropriate instructions which were offered with relation to the subject of contributory negligence.

It is unnecessary to pass upon other grounds urged by defendant for reversal.

The judgment and order denying defendant's motion for a new trial are reversed with costs, and the case is remanded for a new trial.

MERRILL and BADT, JJ., concur.

ON PETITION FOR REHEARING

January 4, 1955.

*Per Curiam:*

**Rehearing denied.**