LOUISE McGUIRE, Administratrix of the Estate of ROBERT RUSSELL McGUIRE, Deceased, Appellant, v. RONALD E. WOOTEN, Respondent.

No. 4742

September 24, 1964                    395 P.2d 384

[Rehearing denied October 21, 1964]

*Morse & Graves,* and *Robert W. Austin,* of Las Vegas, for Appellant.

*Lionel & Gunderson,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an action brought by Wooten against the administratrix of Robert Russell McGuire to recover

damages resulting from an automobile accident. The complaint charges McGuire with negligence. The defendant's answer denies negligence on the part of McGuire and alleges as an affirmative defense the following:

"That at or about the time and place mentioned in plaintiff's complaint, the deceased ROBERT RUSSELL McGUIRE, was in the scope and course of his employment as a Nevada Highway Patrol Officer and as such and at the time of the collision with the automobile driven by plaintiff, was on an emergency call and was responding thereto in a Nevada Highway Patrol car with siren on and red light flashing and that at the intersection of Las Vegas Boulevard South and Gass Ave., that plaintiff drove and operated his motor vehicle in an unlawful manner violating the statutes of the State of Nevada and Ordinances of the City of Las Vegas, pertaining to emergency vehicles and thereby contributed to the accident by his own fault and lack of care."

Prior to trial defendant moved to amend the answer by adding a second affirmative defense charging contributory negligence as follows:

"That on or about the time and place and on the occasion mentioned in plaintiff's complaint the alleged injuries or damages sustained by plaintiff were in whole or in part contributed to by the fault, lack and want of care on the part of the plaintiff and by reason thereof said alleged damages are not recoverable from the defendant."

The motion to amend was denied upon failure of the movant to appear at the time set for the hearing of the motion. On the morning of the trial, at the opening of court, the motion to amend was renewed orally and denied. Thereupon, a written motion to renew motion to amend answer was filed pursuant to DCR 20(4). After both parties had rested, plaintiff moved to amend the complaint to conform to proof with respect to special damages. This motion was granted. Defendant then moved to argue the written motion to renew motion to amend answer. At the same time defendant moved the court for permission to amend the answer to include an affirmative defense of contributory negligence based in

part on "the testimony to date." These motions were denied.

The court refused to give defendant's two requested instructions on contributory negligence. The matter was submitted to the jury which brought in a verdict in favor of the plaintiff for $15,000 and judgment for said amount was entered. A motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied. Appeal is from the judgment and from the denial of said motion.

Appellant contends that the court erred in refusing to give her two requested instructions pertaining to contributory negligence and in denying appellant leave to amend her answer to conform to the evidence.

For the reasons hereinafter stated it is unnecessary to determine whether the affirmative defense in the answer legally is sufficient to raise the issue of contributory negligence.

The evidence shows that one Carter drove his truck to the intersection of Gass and Las Vegas Boulevard South. He stopped in the left-turn lane prior to entering Las Vegas Boulevard South because the signal was against him. When the signal turned green he remained stopped inasmuch as he could hear the siren of an approaching vehicle and could see its light flashing red. Although the signal was heard by several witnesses for as long as two minutes prior to the collision and although the red light could be seen at a distance of more than five blocks from the intersection, Wooten, while his view to the right was blocked by Carter's truck, proceeded at a speed of 25 to 30 miles per hour[1] past Carter's truck on the left (which was a lane for traffic coming in the opposite direction) into the highway without stopping. There, he was hit by the patrol car.[2] The deceased suffered no injuries from this accident. His subsequent death was unrelated thereto.

---

[1] Wooten testified that his speed was 15 or 20 miles per hour when he entered the intersection.

[2] Carter's testimony in this regard is as follows: "Well, I was going west on Gass Street and I pulled up to the intersection and the light was red so I stopped and while I was stopped I heard a siren and it kept getting louder all the time so the light changed

In our opinion, the record contains substantial evidence received without objection to support a charge of contributory negligence. NRCP 15(b).

In Dearden v. Galli, 70 Nev. 543, 277 P.2d 381, the plaintiff was injured while helping his employer, the defendant, load a harrow onto the bed of a truck. To get the harrow into the truck an endgate had to be lifted. When the gate was fully raised defendant asked plaintiff to insert the iron pin which would hold the gate in place. This the plaintiff attempted to do. He inserted the pin far enough to hold the gate up temporarily. After the two men had lifted the harrow through the opening the gate fell, injuring the plaintiff. Before trial, defendant moved to amend his complaint specifically to plead contributory negligence. This motion was denied. Following the introduction of all evidence instructions were given to the jury covering the issue of negligence which were objected to by the defendant, because the issue of contributory negligence was not properly submitted. In remanding the case for a new trial this court held that while contributory negligence was never affirmatively pleaded it was obvious that the defendant hoped to rely on this defense if the facts elicited at the trial would permit him to do so. "Furthermore, the law would appear to be to the effect that 'where a case is tried by the respective parties on the theory that the pleadings present an issue of contributory negligence, and where no objection has been made to the form of the pleadings and there is substantial evidence to support this issue, it becomes the duty of the trial court to give to the jury such appropriate instructions on this subject as have been offered by the defendant.' Hoffman v. S. P. Co., 84 Cal.App. 337, 258 P. 397, 400, and cases cited therein."

In Hoffman, the court went on to say: "As a general

---

to green so I sat there and waited until the siren got on down and just before it got to the intersection there was a State trooper's car and there was a car passed me on the left and went into the intersection and the State trooper's car tried to stop, but he couldn't stop because, I guess he couldn't see him in time. * * * I was up in the center of the street to make a left-hand turn, sir. * * * It was about at the center of the street, sir, I would say on the center, on the right side, I was ready to make a left-hand turn."

rule the contributory negligence of the plaintiff must be specifically pleaded by the defendant in order that he may rely upon this defense. * * * But where plaintiff's contributory negligence appears from the allegations of his complaint or from the evidence introduced in his behalf, this plea is available to the defense, although it is not pleaded in the answer."

In Shelley v. Union Oil Co., 9 Cir., 203 F.2d 808, 14 Alaska 287, it was held that where defendants were permitted, without objection, to introduce evidence in a personal injury action tending to show that plaintiff was contributorily negligent, the trial court did not err in giving an instruction on contributory negligence, though contributory negligence was not pleaded in the answer.

It is clear to us that the lower court erred in refusing to instruct the jury specifically concerning contributory negligence. See Rocky Mountain Produce Trucking Co. v. Johnson, 78 Nev. 44, 369 P.2d 198.

It is unnecessary to pass upon the other ground urged by appellant for reversal.

The judgment and order denying appellant's motion for a new trial are reversed and the case is remanded for a new trial.

BADT, C. J., and THOMPSON, J., concur.