J. HOWARD WHITE, as Guardian Ad Litem for ALLEN D. WHITE, Appellant, v. MARY G. DEMETELIN, Respondent.

No. 5480

July 2, 1968          442 P.2d 914

*Johnson & Steffen* of Las Vegas for Appellant.

*Morse & Graves* of Las Vegas for Respondent.

## OPINION

By the Court, COLLINS, J.:

This action was brought by J. Howard White as guardian ad litem for his son, Allen White, against Mary Demetelin for personal injuries suffered by the son in an automobile accident on December 23, 1961 in Las Vegas, Nevada. A defense verdict was returned by the jury and this appeal followed.

The facts, taken most favorably to the prevailing party below, Southern Pacific Co. v. Watkins, 83 Nev. 471, 435 P.2d 498 (1967), show that the defendant Mary Demetelin was proceeding east on Foremaster Lane at approximately the noon hour on the day in question. Plaintiff-guardian, the driver, and his son, a passenger, were proceeding in the family car north on Las Vegas Boulevard. Defendant, after stopping at the stop sign at the Foremaster Lane-Las Vegas Boulevard intersection, noted at least one car stopped in the left lane of the northbound portion of Las Vegas Boulevard, about to make a left hand turn onto Foremaster Lane. Defendant testified that she saw no other cars approaching, but with the left-turning vehicle yielding the right of way to her, she proceeded

slowly across the intersection. The automobiles of the parties then collided at a point in the southeast quadrant of the intersection. Both testified that they did not see the other's car until an instant before the crash and that neither of them had an opportunity to apply brakes or blow the horn. Appellant's minor son suffered facial injuries as a result of the accident and appellant brought this suit to recover.

Appellant's main contention on appeal is that the verdict, in light of the evidence and the applicable motor vehicle statute, was incorrect as a matter of law. The contention rests upon the claim that the jury disregarded the court's instruction on the law of intersection right of way. NRS 484.163.[1] He contends that if the jury had correctly applied the law stated therein as well as the law given them on the effect of a statutory violation in finding negligence,[2] they necessarily would have found for him. We do not agree.

Although the effect of a person's statutory violation makes him negligent as a matter of law, there are other issues of fact to be determined by the jury.

It is a jury question whether the statute was, in fact, violated by the defendant. Since the defendant under NRS 484.163 was only required to yield the right of way to a vehicle "approaching so closely * * * as to constitute an immediate hazard" it is for the jury to decide if the plaintiff was within the protected area. The mere fact that an accident happened is not conclusive on that point. The defendant was not forced to cross the intersection absolutely at her peril. Grasso v. Cunial, 235 P.2d 32 (Cal.App. 1951).

---

[1]NRS 484.163:

"1. Every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.

"2. Such driver after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on such highway as to constitute an immediate hazard, but the driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding."

[2]Instruction No. 26:

"A violation of the statute of the State of Nevada just read to you constitutes negligence as a matter of law; however, such a violation is of no consequence in this action unless it was a proximate cause of injury or damage to the plaintiff."

Likewise it was also for the jury to determine the question of proximate cause between the breach of duty, if any, and the damages. Whether the negligence involved consists of a statutory violation or other misconduct, the issue of proximate cause is for the jury's consideration. Mahan v. Hafen, 76 Nev. 220, 351 P.2d 617 (1960).

Therefore we are unable to say that the defense verdict was incorrect as a matter of law.

There were other specifications of error. We decline to decide them because none would affect the result announced.

The judgment below is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.