THEO L. TIDWELL, Appellant, v. JOHN P. CLARKE, Respondent.

No. 5504

November 19, 1968        447 P.2d 493

[Rehearing denied December 10, 1968]

*Michael L. Hines* and *Henry R. Gordon,* of Las Vegas, for Appellant.

*Vargas, Bartlett & Dixon* and *James P. Logan,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This appeal is from a jury verdict in favor of respondent (defendant below) and against appellant (plaintiff below) in a personal injury action resulting from an automobile accident.

Appellant complains the trial court erred in refusing an instruction proposed by him consisting of a section of the Nevada traffic laws, when supported by substantial evidence before the court, covering his theory of the case and not offered in any other instruction. We agree, reverse the judgment and remand the case for a new trial.

About midday on January 1, 1966, appellant, as driver, and accompanied by a friend, was driving east on U.S. Highway 93 approximately 24 miles west of Caliente. His automobile was struck from the rear by an automobile driven by respondent who was also headed eastbound.

The highway at the point of impact was a two-lane, two-directional roadway. The day was clear but the road was completely covered to a depth of about one inch with hard-packed snow which obscured the marked center line. The right front quadrant of respondent's car struck the left rear quadrant of appellant's car while an effort was being made to pass.

There is conflict in the evidence as to the cause of the collision, but there is substantial evidence in the record to support each party's contention as to what happened.

Appellant contends he was driving along the highway, so far as he recalls, in his own lane when without warning or awareness of another vehicle, he was struck from behind by respondent's auto.

Respondent, on the other hand, contends he first saw appellant approximately 150 yards ahead of him, who appeared on his first view after coming over a slight rise to be stopped in the middle of the highway. Respondent, who was then traveling approximately 50 mph, tried to stop, but could not because of the road's slippery condition. He then realized appellant's auto was moving in the same direction as his own but more slowly, and being unable to stop decided to pass on appellant's lefthand side. He pulled to the extreme left of the lefthand lane, whereupon respondent says appellant's auto also moved into the lefthand lane in front of him, where the accident occurred.

Appellant denied changing lanes or pulling in front of respondent.

Before the investigating officer arrived, some three hours later, the automobiles had both been moved and a snowplow passed through the scene, eliminating all marks upon the snow-covered roadway as they related to the highway center line.

Appellant sought to prove respondent negligent and therefore liable, upon two theories. The first involved a vehicle overtaking and passing another vehicle proceeding in the same direction, upon which the trial court refused to instruct. The

second involved one vehicle following another vehicle too closely, concerning which the trial court did instruct.

Appellant specifies as error refusal of the trial judge to instruct upon his first theory and specifically to read to the jury subsection 1, NRS 484.117.[1]

Appellant contends he is entitled to an instruction to the jury in line with the theory of his case, so long as there is substantial evidence in the record to support it. As his authority he cites Rocky Mountain Produce v. Johnson, 78 Nev. 44, 52; 369 P.2d 198 (1962), and Dearden v. Galli, 70 Nev. 543; 277 P.2d 381 (1954).

Respondent, in opposition, contends there was no evidence before the trial court justifying the giving of the proposed instruction as he interpreted the statute in question and urging that, in any event, appellant's counsel failed to object in a timely or adequate manner to refusal of the instruction offered as required by NRCP 51.[2] As authority for his position, and by way of interpretation of that rule, he cites Lathrop v. Smith, 71 Nev. 274, 275–276, 288 P.2d 212 (1955); Wagon Wheel v. Mavrogan, 78 Nev. 126, 129, 369 P.2d 688 (1962); Duran v. Mueller, 79 Nev. 453, 458; 386 P.2d 733 (1963); Hotel Riviera, Inc. v. Short, 80 Nev. 505, 512, 396 P.2d 855 (1964).

1. We feel the trial judge interpreted the statute (NRS 484.117(1)) as a single-pronged statute, when it is a double-pronged statute intended to protect not only a vehicle

---

[1]That entire section of the statutes reads as follows: "484.117 Limitations on overtaking on the left, driving to left of center of roadway.

"1. No vehicles shall be driven to the left side of the center of a two-lane two-directional roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.

"2. No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"(a) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction.

"(b) When approaching within 100 feet of or traversing any intersection or railroad grade crossing.

"(c) When the view is obstructed upon approaching within 100 feet of any bridge, viaduct or tunnel.

"3. Subsection 2 does not apply upon a one-way roadway."

[2]NRCP 51 reads in part as follows: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

approaching from the opposite direction but a vehicle over-taken as well. The statute, as we interpret it, prohibits a vehicle from being driven to the left side of a two-lane, two-directional roadway in overtaking and passing another vehicle proceeding in the same direction unless the left side

(1) is clearly visible, and

(2) is free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of

(a) any vehicle approaching from the opposite direction, or

(b) any vehicle overtaken.

It is apparent from the trial judge's ruling, he did not consider the statute applicable in the absence of evidence of a vehicle approaching from the opposite direction. There was none here. But as we view the statute as it is worded, the passing driver must not pass if for any reason the left or passing lane is not *clearly visible* as well. The statute says these two directions must be followed not only for safety of oncoming vehicles but for the vehicle overtaken as well.

There was substantial evidence in the record that respondent's visibility of the left lane was restricted by appellant's automobile. This was sufficient, in our view, to require the trial judge to instruct the jury of the statute as requested by appellant. Cummings v. County of Los Angeles, 363 P.2d 900 (Cal. 1961); Rocky Mountain Produce v. Johnson, supra; Dearden v. Galli, supra.

2. We next must consider whether, as respondent contends, appellant has failed to preserve the error for our consideration.

At the time of settlement of the instructions, the following colloquy took place between counsel for appellant and the court regarding appellant's offered instruction "B" (NRS 484.117(1)):

"THE COURT: Counsel do you offer any instructions?

"MR. HINES: I offered Instruction 'B,' Your Honor, which I think and I feel states the law. In other words the statute sets out the limit when a person—(interruption.).

"THE COURT: Just state your objections.

"MR. HINES: I am offering it.

"THE COURT: You are offering it?

"MR. HINES: On the grounds that that is the law on over-taking vehicles in Nevada.

"THE COURT:   Anything further?

"MR. HINES:   It is my contention, Your Honor, that this is the law and that is what the statute says.

"THE COURT:   Well that instruction will be refused. Marked Plaintiff's Proposed Instruction 'B' and it is refused."

In Downing v. Marlia, 82 Nev. 294, 417 P.2d 150 (1966), a similar question arose as is presented here.

The following discourse took place between the court and counsel upon proposed instructions which were refused:

"THE COURT:   Does the plaintiff have any instructions to offer in addition to those the Court has indicated will be given?

"MR. GARROWAY:   The plaintiff has offered A, B, C, and D, instructions that have been refused by the Court. Each of these instructions in my opinion, is proper and under the evidence in this case should be given."

We said at page 298 of that opinion:

"Appellant's objection to the refusal of Instruction B was insufficient under Rule 51. Merely informing the court that refused instructions 'In my opinion, (are) proper and under the evidence in this case should be given' does not assist the trial judge in determining the grounds for objection so that he may properly consider whether to revise his initial decision and cure what otherwise might be error."

This court has held to a hard line in interpreting NRCP 51 which requires that counsel state with specificity his reason for or against an instruction to be given or refused if he is to present it as error for our consideration. Downing v. Marlia, supra; Lathrop v. Smith, supra; Duran v. Mueller, supra; Wagon Wheel v. Mavrogan, supra; and Hotel Riviera, Inc. v. Short, supra.

In Downing, supra, footnote 2 at page 298, we said:

"We recognize that the concept of 'plain error,' and this Court's continuing desire to prevent manifest injustice, permit occasional exceptions to the otherwise strict requirements for compliance with the specificity of objections asked by Rule 51. However, we need not now decide what constitutes such exceptions. There was proper protest to at least one prejudicial instruction."

This case presents just such exception to the strict requirement of our previous interpretation to Rule 51.

Mr. Hines' argument to the court offering his proposed instruction "B" clearly brought to the judge's attention the full import of the statute as we have pointed out above. He said he was offering the instruction "on the grounds that that is the

law on overtaking vehicles in Nevada." The only thing he neglected to do was to review the evidence then in the record to demonstrate that such an issue of law was before the court. There is no doubt such evidence was then of record and the trial judge is presumed to have knowledge of it. It is eminently clear, however, that the judge, in refusing the instruction, failed to recognize the dual purpose of the statute.

Where counsel clearly, fairly and timely calls to the attention of the trial court the issue of law involved, any slight omission in compliance with our interpretation of Rule 51 will not preclude him from raising the issue on appeal. Green v. Reading Co., 183 F.2d 716, 719 (3 Cir. 1950); Williams v. Powers, 135 F.2d 153, 156 (6 Cir. 1943); Pierro v. Carnegie-Illinois Steel Corp., 186 F.2d 75, 78 (3 Cir. 1950).

The judgment of dismissal is reversed and the cause remanded for a new trial.

BATJER and MOWBRAY, JJ., concur.

THOMPSON, C. J., with whom ZENOFF, J., concurs, dissenting:

The district court properly refused to give a jury instruction based upon NRS 484.117(1). There was no oncoming traffic in this case, and the existence of oncoming traffic is one of two preconditions to the applicability of that statute. This statute prohibits passing another vehicle proceeding in the same direction unless the left side of the road "is clearly visible and is free of oncoming traffic." Each condition must be present before the statute is operative. The existence of only one is not enough.

The fault of the majority opinion is its conclusion that only one precondition must exist. They apparently read the phrase "is clearly visible and is free from oncoming traffic" to mean "is clearly visible or is free from oncoming traffic." This substitution of the word "or" for "and" is unwarranted, and casts an entirely different meaning than the meaning intended. It is not our business to rewrite the statute. NRS 484.113(1)[1] is designed to cover the case where one vehicle passes another to the left in the absence of oncoming traffic.

---

[1]NRS 484.113(1) reads: "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."