ROYAL G. GORDON, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF GLEN MICHAEL GORDON, A MINOR, APPELLANTS, *v.* JERRY HURTADO AND FREMONT HOTEL, INC., RESPONDENTS.

No. 10549

April 14, 1980                                    609 P.2d 327

*Peter L. Flangas,* Las Vegas, and *Marchiondo & Berry,* Albuquerque, New Mexico, for Appellants.

*Cromer, Barker & Michaelson* and *Corby D. Arnold,* Las Vegas, for Respondents.

## OPINION

By the Court, GREGORY, SR. D. J.[1]:

This appeal arises out of an automobile collision in which appellant Glen Gordon received personal injuries. In Gordon v. Hurtado, 91 Nev. 641, 541 P.2d 533 (1975), this court reversed a jury verdict and judgment for defendants due to error regarding expert testimony. The case was tried again, resulting in another verdict and judgment for the defendants. Plaintiffs appeal.

The facts of the collision are set forth in detail in our previous opinion. Briefly, the collision occurred at the crossing of Washington Avenue and 25th Street in Las Vegas. A forty-foot drainage ditch divided the eastbound and westbound lanes of Washington at the crossing. There were four traffic signals at the crossing, each consisting of a light on a signal pole and a light extending over the street. The traffic signals were located at the outside corners of the crossing. The collision occurred at the intersection of the eastbound lanes of Washington and the southbound lane of 25th after Hurtado completed a left turn from Washington onto 25th. Traffic signal lights were green for traffic on Washington and red for traffic on 25th.

The sole contention on this appeal is that the district court committed error by giving the following jury instruction:

> The Court has determined as a matter of law that the traffic controls for northbound and southbound traffic on Twenty-fifth Street at its intersection with Washington Avenue were not in proper position in accordance with the provisions of NRS 484.073, defining the area as a double intersection, and, accordingly, you are instructed that Defendant JERRY HURTADO is not chargeable with a

---

[1]ACTING CHIEF JUSTICE GORDON THOMPSON designated Hon. Frank B. Gregory, Senior District Judge of the Nevada Court System, to sit in this case in place of HON. JOHN MOWBRAY, Chief Justice, who voluntarily disqualified himself. Nev. Const. art 6, § 19; SCR 10.

violation of NRS 484.283, the Traffic-Control signal legend. That is, Defendant HURTADO cannot be found negligent on the basis of any traffic signal violation at the intersection.

The crossing of Washington and 25th did not constitute a single "intersection" as that term is defined by statute. Rather, the crossing of those roadways actually constituted two separate intersections: (1) the intersection of 25th with the westbound lanes of Washington; and (2) the intersection of 25th with the eastbound lanes of Washington. NRS 484.073(2).[2] It is clear from the record, and from the testimony of a traffic engineer called as a witness by the defense, that the traffic signal lights at the crossing were placed as if there was only one intersection rather than two separate and distinct intersections. There was no error in instructing that the traffic controls were not in proper position.

The jury received several instructions regarding statutory violations. An instruction was given on the statutory definition of the term "intersection," NRS 484.073, and the jury was told that the crossing in question constituted two intersections as a matter of law.[3] Instructions were also given regarding traffic control signals, NRS 484.283, and the obedience of traffic control devices, NRS 484.278. Finally, the jury was instructed that the violation of a statute constitutes negligence as a matter of law. The challenged instruction in this case was included within instructions dealing with statutory violations.

[Headnote 2]

Pertinent parts of NRS 484.283 were given to the jury as Instruction 22, and NRS 484.278 (Obedience to and required traffic-control devices) was given in full as Instruction 23. The second paragraph of that section reads, in part:

2. No provision of this chapter for which such devices

___

[2]NRS 484.073 provides, in part, as follows:

"2. Where a highway includes two roadways 30 feet or more apart, then every crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection. In the event such intersecting highway also includes two roadways 30 feet or more apart, then every crossing of two roadways of such highways shall be regarded as a separate intersection."

[3]Instruction No. 21 provided, in part, as follows:

"The Court has determined as a matter of law that the intersection of the westbound lanes of Washington Street with 25th Street is a separate and distinct intersection from the intersection of the eastbound lanes of Washington Street with 25th Street, in accordance with the statutory definition of intersection . . . ." Appellants do not contend on this appeal that Instruction 21 was improper.

[traffic control devices] are required shall be enforced against an alleged violator if at the time and place of the alleged violation such device is not in proper position and sufficiently legible to be seen by an ordinarily observant person.

It appears that Instruction 24 did contain a correct statement of the law pertinent to traffic control at this intersection. While the instruction may have been inartistically worded, we cannot say that the instruction constituted prejudicial error in this case.

We believe the challenged instruction simply removed from the jury any consideration of negligence based on statutory violations with respect to the traffic signals at the crossing. In certain circumstances a violation of statute may constitute negligence *per se*. *See* Southern Pacific Co. v. Watkins, 83 Nev. 471, 435 P.2d 498 (1967); Ryan v. Manhattan M. Co., 38 Nev. 92, 145 P. 907 (1914); *cf.* Bill Stremmel Mtrs. v. First Nat'l Bank, 94 Nev. 131, 575 P.2d 938 (1978) (effect of violation of statute not clear in Nevada). However, violation of a statute does not constitute negligence when the violation is excused, *see* Alarid v. Vanier, 327 P.2d 897 (Cal. 1958); Wood v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 277 P.2d 345 (Wash. 1954), *aff'd on rehearing en banc,* 283 P.2d 688 (Wash. 1955), as when the violation might reasonably have been expected from a person of ordinary prudence acting in similar circumstances. *See* Nichols v. Sonneman, 418 P.2d 562 (Idaho 1966); Alarid v. Vanier, *supra. See generally* Restatement (Second) of Torts § 288 A (1965).

It is clear from the record in the present case, and from the configuration of the intersections and the control signals, that a reasonable person driving through or turning within the two intersections would be deceived by the circumstances at the crossing and would not necessarily know which of the control signals should be obeyed.[4] Under these circumstances we do not believe the district court committed error by removing from the jury any consideration of statutory violations regarding traffic signals at the intersections.

A review of the record reveals that the jury was adequately

---

[4]The control signal lights were installed approximately four weeks before the collision which is the subject of this case.

instructed on negligence and ordinary care. The jury was also told that a driver must keep a proper lookout so as to avoid an accident, and that a driver must appreciate and realize what is reasonably indicated by that which is in plain sight. We believe that under the instructions given by the district court, including the challenged instruction, the jury was free to consider the fact that Hurtado entered the westbound lanes of Washington while facing a red light in its determination of whether Hurtado was negligent under ordinary negligence principles. The challenged instruction merely took from the jury any consideration of negligence based solely on traffic signal violations.

Appellants also contend that there was no evidence to support the first sentence of the challenged instruction, namely, that the traffic controls at the crossing were improperly placed as a matter of law. While it may be true that there was no specific expert opinion on the propriety of the placement of the signals, it is clear that the placement of the signals created an ambiguity for even reasonably prudent drivers. As mentioned earlier, the challenged instruction merely removed traffic signal violations from the consideration of the jury, and we do not believe appellants were prejudiced by the court's statement that the signals were improperly placed. In any event, even if an instruction is not technically correct, the instruction should be examined in the context of all instructions given to the jury. No reversal is required where, taking into consideration all of the instructions, the jury was sufficiently and fairly instructed. *See* Hotels El Rancho v. Pray, 64 Nev. 591, 187 P.2d 568 (1947). In the present case we believe the jury was sufficiently and fairly instructed.

The judgment is affirmed.

THOMPSON, GUNDERSON, and BATJER, JJ., and BARRETT, D. J.,[5] concur.

---

[5]Governor Robert List designated Hon. John W. Barrett, District Judge, to sit in this case in place of HON. NOEL E. MANOUKIAN, Justice, who voluntarily disqualified himself. Nev. Const. art. 6, § 4.