GEORGE BARNES AND LISA BARNES, APPELLANTS, *v.* DELTA LINES, INC.; ADOLPH SALAZAR, RESPONDENTS.

No. 13699

September 27, 1983                    669 P.2d 709

*Cochrane & Rose,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal arises out of a traffic accident which occurred on July 25, 1978, when the automobile which was owned and operated by appellant George Barnes collided with a semi-truck owned by respondent Delta Lines, Inc. Shortly before the collision occured, the driver of the truck, respondent Adolph Salazar, had apparently pulled the truck forward from the righthand side of the road, and was in the process of backing the truck into a private parking lot on that same side of the road. When Barnes collided with the truck, it was apparently blocking both of the eastbound lanes of the road in the direction in which Barnes had been traveling. Barnes suffered various injuries in this accident, and he and his wife, appellant Lisa Barnes, subsequently brought a cause of action alleging that respondents had negligently owned and operated a motor vehicle.

At the trial on this matter, the judge instructed the jury that it was a violation of Nevada law to fail to yield the right of way to moving traffic while backing a vehicle on a roadway, or when entering a highway from a private way. *See* NRS 484.321, 484.449. Appellants then requested that the judge give the following negligence *per se* instruction to be read in conjunction with the above instructions on Nevada traffic laws:

If you find that a party to this action violated any of the statutes just read to you and that such violation was a proximate cause of injury to another or to himself, you will find that such violation was negligence unless such party proves by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

The trial judge refused to give this instruction, and the jury returned a verdict for respondents. Appellants now contend that the judge's refusal was error.[1] We agree.

When a defendant violates a statute which was designed to protect a class of persons to which the plaintiff belongs, and thereby proximately causes injury to the plaintiff, such a violation constitutes negligence *per se,* unless the defendant can show that the violation was excused. *See* Gordon v. Hurtado, 96 Nev. 375, 609 P.2d 327 (1980); Southern Pacific Co. v. Watkins, 83 Nev. 471, 435 P.2d 498 (1967). *See generally* W. Prosser, Handbook of the Law of Torts, § 36 (4th ed. 1971). In the present case, the two traffic statutes in question were clearly enacted to protect motorists such as appellant Barnes from other motorists who negligently proceed onto a roadway without yielding the right of way to moving traffic. Moreover, since the questions of whether a violation of a statute occurred and whether the violation was a proximate cause of the plaintiff's injuries are questions of fact for the jury, *see* White v. Demetelin, 84 Nev. 430, 442 P.2d 914 (1968), we must conclude that it was error for the trial judge to refuse to give appellants' proposed instruction.

Additionally, we reject respondents' contention that the refusal to give the negligence *per se* instruction was not prejudicial to appellants' case. A negligence *per se* instruction would

---

[1] Respondents assert that we should not reach the merits of this contention, alleging that appellants did not make an adequate objection to the trial judge's refusal to give the instruction. *See* NRCP 51. We conclude, however, that by providing the trial judge with a citation to relevant legal authority in support of giving the instruction, the requirements of NRCP 51 were met, despite the fact that extensive legal arguments did not take place concerning the propriety of giving this instruction. *See* Tidwell v. Clarke, 84 Nev. 655, 447 P.2d 493 (1968) (where counsel timely calls to court's attention the issues of law involved, a slight omission in compliance with NRCP 51 will not preclude appellate review). *Cf.* Carson Ready Mix v. First Nat'l Bk., 97 Nev. 474, 635 P.2d 276 (1981) (general objection to trial court's refusal to give proposed instruction is alone insufficient to satisfy requirements of NRCP 51).

have served to shift the burden of proof to respondents to show excuse or justification, thereby relieving appellants of the burden of establishing actual negligence. *See* Lopez v. Bowen, 495 P.2d 64, 66 (Alaska 1972). As such, there is no question that the jury may have reached a different result in this case if it had been properly instructed on the law of negligence *per se.*

Accordingly, the judgment is reversed and the case is remanded for a new trial.