OPINION
 

 Per Curiam:
 

 On appeal from the district court’s final judgment, Cherie Atkinson challenges the district court’s denial of her proffered jury instruction based on a Nevada statute that governs the erection of fences around holes, excavations and shafts. We hold that the district court incorrectly denied Atkinson’s jury instruction and that the jury instruction should have been given. We reverse the district court’s judgment and remand the case for a new trial.
 

 FACTS
 

 On New Year’s Eve 1997, Cherie Atkinson fell approximately twenty feet into an excavation on the premises of an MGM construction site in Las Vegas, Nevada. Atkinson fractured her lumbar spine and incurred medical expenses in excess of $110,000.
 

 Three months before Atkinson’s accident, MGM had started constructing “high roller suites” in an area that had previously been tennis courts and a swimming pool. MGM hired the construction company of Marnell Corrao for the project. Marnell Corrao secured the perimeter of the construction project with an eight-foot chain link fence and block walls. The fence, however, did not extend to block an entrance through a stairway leading from outside of the construction site to the interior. Instead, a series of two-by-four wood planks and yellow caution tape were placed across the stairwell. Witnesses for both parties presented conflicting testimony concerning whether Marnell Corrao was using the stairwell to gain access to the construction site. In addition to the barricades placed by Marnell Corrao, MGM had security personnel check the construction site on an hourly basis to ensure that the site was secured.
 

 Atkinson could not remember how she entered the construction site. She testified that she had entered the site after climbing a dirt hill. However, she introduced expert testimony that she entered the site through the stairwell. MGM pointed out at trial that the expert’s testimony was speculative because he did not witness the in
 
 *641
 
 cident, and Atkinson could not remember being on stairs. Atkinson admitted that she consumed alcohol on the evening of the accident, and that she entered the construction site because she was looking for a secluded place to urinate.
 

 According to Atkinson, after she entered the construction site, she walked an unknown number of steps and fell into an excavation pit. Individuals walking nearby heard Atkinson’s screams, entered the construction site, and rendered aid. Police and paramedics were summoned and provided emergency assistance.
 

 Atkinson later filed a complaint against MGM and Marnell Corrao, seeking damages for personal injuries sustained from her fall. Her complaint proceeded to a jury trial.
 

 Jury instructions
 

 At trial, Atkinson proposed a jury instruction on the issue of negligence per se, based on NRS 455.010, which governs the erection of fences and other safeguards around holes, excavations and shafts. The proposed instruction provided:
 

 A violation of [NRS 455.010] constitutes negligence as a matter of law. If you find that a party violated a law just read to you, it is your duty to find such violation to be negligence; and you should then consider the issue of whether that negligence was a proximate cause of injury or damage to the Plaintiff.
 

 Atkinson had previously provided the court with legal authority on the relevance of NRS 455.010 in a memorandum opposing MGM’s motion in limine, which sought to exclude evidence concerning the cost and placement of fencing around the construction site. The district court refused Atkinson’s instruction, and the jury returned a verdict for MGM and Marnell Corrao.
 

 DISCUSSION
 

 As an initial matter, respondents assert that Atkinson did not make an adequate objection to the district court’s refusal to give the jury instruction. Therefore, we must first consider whether Atkinson preserved the issue for our consideration.
 

 NRCP 51 states that “[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection.’ ’ However, it is not always necessary to make a formal objection to preserve a jury instruction issue for appeal.
 
 [1]
 
 In
 
 Barnes v. Delta Lines, Inc.,
 
 we held that the requirements of
 
 *642
 
 NRCP 51 are satisfied as long as the district court is provided with a citation to the relevant legal authority that supports the giving of the instruction.
 
 [2]
 

 . Atkinson provided the district court with a written brief on the issue of NRS 455.010’s relevance in her opposition to MGM and Marnell Corrao’s motion in limine. The brief stated that “[t]his statute imposes an absolute duty on the owner of the excavation site, nonperformance of which is negligence as a matter of law.’ ’ It also stated “[t]he jury is entitled to hear the proper method in which the stairwell should have been secured.”
 

 Atkinson did not object immediately after the district court stated that it would not provide this instruction to the jury. However, during the same hearing on jury instructions, Atkinson objected to MGM’s jury instruction on the standard of care because she believed that NRS 455.010 provided the applicable standard of care that should have been set out in the jury instruction.
 

 Thus, we conclude that Atkinson’s brief on the relevance of NRS 455.010 to this situation, and her objection on the record that she believed NRS 455.010 supplied the applicable standard of care, sufficiently complies with NRCP 51 to preserve this issue for appeal.
 

 A district court’s decision to give or decline a proposed jury instruction is reviewed for an abuse of discretion or judicial error.
 
 [3]
 
 However, “a party is entitled to have the jury instructed on all of his case theories that are supported by the evidence.”
 
 [4]
 
 Here, Atkinson introduced evidence to support her theory of negligence per se; consequently, the instruction should have been given.
 

 NRS 455.010 requires excavators to erect a substantial fence or safeguard around their work to prevent persons and animals from falling into the excavation:
 

 Any person or persons, company or corporation, who shall dig, sink or excavate, or cause the same to be done . . . shall, during the time they may be employed in digging, sinking or excavating, or after they may have ceased work upon or abandoned the same, erect, or cause to be erected, good and
 
 *643
 
 substantial fences or other safeguards, and keep the same in good repair, around such works or shafts, sufficient to guard securely against danger to persons and animals from falling into such shafts or excavations.
 

 Atkinson argues that in this case, a violation of the statute constitutes negligence per se. A statutory violation is negligence per se if the injured party belongs to the class of persons whom the statute was intended to protect, and the injury suffered is of the type the statute was intended to prevent.
 
 [5]
 
 The plain and unambiguous language of NRS 455.010 is intended to protect members of the public from falling into excavations. In this case, Atkinson entered a construction site and fell into an excavation pit. Atkinson is within the class of persons that the statute was designed to protect, and her injury is of the type the statute was intended to prevent.
 

 MGM contends that Atkinson’s proffered jury instruction was not required under
 
 Boland
 
 v.
 
 Nevada Rock and Sand Co.
 

 [6]
 

 In
 
 Boland,
 
 we held that a dirt bike rider inside a 320-acre commercial gravel pit was not in the class of persons protected by NRS 455.010 because the rider fell off a hill after he was inside the excavation.
 
 [7]
 
 That case relied on the holding in
 
 Gard v. United States,
 
 in which the United States District Court for the Northern District of California held that NRS 455.010 does not apply when an individual falls down a mine shaft after entering the mine through a horizontal tunnel.
 
 [8]
 

 In
 
 Gard,
 
 the court stated that the Nevada Legislature enacted NRS 455.010 to protect individuals from unexpectedly falling into excavated pits and mine shafts.
 
 [9]
 
 Consequently, the court determined that the statute did not apply to horizontal tunnels leading into mine shafts because a fall could be expected when a person knowingly enters a mine.
 
 [10]
 
 Following this reasoning, we held in
 
 Boland
 
 that a dirt bike rider who had already entered the excavation area could not argue for the application of NRS 455.010 because he knowingly entered the area and did not unexpectedly fall into a hole or mine shaft.
 
 [11]
 

 Boland
 
 is factually distinguishable from the present case. In
 
 Boland,
 
 we noted that it would not be reasonable to require fencing or other safety measures to be placed around a 320-acre gravel
 
 *644
 
 pit.
 
 [12]
 
 In addition, we noted that NRS 41.510 applied to the area. NRS 41.510 protects landowners from liability when their land is used for recreational purposes. Because dirt bike riders frequently used the gravel pit, we concluded that as a matter of policy, requiring fencing or safeguards to be erected around the pit would not comport with NRS 41.510.
 
 [13]
 

 Boland
 
 is therefore not controlling. In addition, because
 
 Gard
 
 is based on a completely different factual situation involving mine shafts, it is not instructive.
 

 In this case, MGM and Marnell Corrao were required to follow the provisions of NRS 455.010 and secure the excavation area by erecting a fence or other safeguard. Additionally, Atkinson is within the class of persons protected by the statute, and her injury is the type that the statute was designed to prevent. Further, Atkinson introduced evidence that she was able to access the excavation site through the stairwell, which was not secured by fencing. Consequently, the district court should have given the instruction.
 
 [14]
 
 Moreover, the failure to give the instruction was prejudicial to Atkinson’s case.
 
 [15]
 

 CONCLUSION
 

 The district court erred in refusing Atkinson’s proffered jury instruction, as she was entitled to this instruction. Therefore, we reverse the district court’s judgment and remand for a new trial.
 

 [1]
 

 J.A. Jones Constr. v. Lehrer McGovern Bovis,
 
 120 Nev. 277, 285, 89 P.3d 1009, 1015 (2004).
 

 [2]
 

 99 Nev. 688, 690 n.1, 669 P.2d 709, 710 n.l (1983);
 
 see also Tidwell
 
 v.
 
 Clarke,
 
 84 Nev. 655, 660-61, 447 P.2d 493, 496 (1968) (stating that even though “[t]his court has held to a hard line in interpreting NRCP 51,” the requirements of NRCP 51 do not need to be strictly complied with where counsel calls the court’s attention to the issue of law involved in a clear and timely manner).
 

 [3]
 

 Jackson v. State,
 
 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).
 

 [4]
 

 Silver State Disposal
 
 v.
 
 Shelley,
 
 105 Nev. 309, 311, 774 P.2d 1044, 1045 (1989).
 

 [5]
 

 Barnes,
 
 99 Nev. at 690, 669 P.2d at 710.
 

 [6]
 

 111 Nev. 608, 894 P.2d 988 (1995).
 

 [7]
 

 Id.
 
 at 614, 894 P.2d at 992.
 

 [8]
 

 420 F. Supp. 300 (N.D. Cal. 1976),
 
 aff’d,
 
 594 F.2d 1230 (9th Cir. 1979).
 

 [9]
 

 Id.
 
 at 303.
 

 [10]
 

 Id.
 
 at 303-02.
 

 [11]
 

 111 Nev. at 614, 894 P.2d at 992.
 

 [12]
 

 Id.
 

 [13]
 

 Id.
 

 [14]
 

 On remand, the trial jury should also be instructed under NRS 41.141 at respondents’ request.
 

 [15]
 

 See Barnes,
 
 99 Nev. at 690-91, 669 P.2d at 711 (holding that failure to give negligence per se instruction was prejudicial to plaintiffs case because instruction would have shifted “the burden of proof to [defendants] to show excuse or justification”).