# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRELL K. SPILSBURY, D.D.S.,
Appellant,
vs.
CARRIE RYNDERS,
Respondent.

No. 64368

**FILED**

JAN 2 2 2016

*ORDER OF AFFIRMANCE*

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

This is an appeal from a district court judgment on a jury verdict in a dental malpractice action and from post-judgment orders retaxing costs and denying judgment as a matter of law or a new trial. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Respondent Carrie Rynders brought a dental malpractice action against appellant Darrell K. Spilsbury, D.D.S., an orthodontist practicing in Las Vegas, for injuries she sustained during the course of orthodontia treatment performed by Dr. Spilsbury. The jury found that Dr. Spilsbury was 85 percent at fault for Rydners' injuries and awarded her $474,880.11 in damages and costs. After the district court partially granted Dr. Spilsbury's post-trial motion to retax costs, an amended judgment was entered in the amount of $472,380.11.

On appeal, Dr. Spilsbury argues that he is entitled to judgment as a matter of law, or alternatively, a new trial because Rynders' expert witness, orthodontist Kamal Al-Fakiani, D.D.S., was not qualified to establish the standard of care in this case and that the district court's

16-02291

rejection of his proposed "mere happening" jury instruction was an abuse of discretion.[1] We do not agree.

*Dr. Al-Fakiani was qualified to be an expert witness*

To establish malpractice, "a plaintiff must present expert medical testimony." *Staccato v. Valley Hosp.*, 123 Nev. 526, 530, 170 P.3d 503, 506 (2007). We "review[ ] a district court's decision to allow expert testimony for abuse of discretion." *Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008).

Dental malpractice is defined as "failure on the part of a dentist to exercise the degree of care, diligence and skill ordinarily exercised by dentists in good standing in the community in which he or she practices." NRS 631.075. To determine whether an expert is qualified, we consider "whether (1) the subject matter is distinctly related to some scientific field or profession beyond the average person's knowledge; and (2) the witness has sufficient skill, knowledge, or experience in the area at issue so that the opinion will aid the jury." *Staccato*, 123 Nev. at 533, 170 P.3d at 507; *see also* NRS 50.275.

There is no doubt that the field of orthodontics is beyond the average person's knowledge. It is also evident from the record that Dr. Al-Fakiani has "sufficient skill, knowledge, or experience" in general orthodontics to qualify as an expert. *Staccato*, 123 Nev. at 533, 170 P.3d

---

[1]Dr. Spilsbury also appears to appeal from the district court's order granting in part and denying in part his motion to retax costs. However, Dr. Spilsbury fails to address this issue in his briefs, and we therefore do not consider it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that issues not cogently argued or supported by relevant authority need not be considered).

at 507. Dr. Al-Fakiani graduated from dental school, passed the dental boards, completed orthodontic training, and taught orthodontics for a number of years. He is also part of a private orthodontic practice where he sees an average of 400 patients a week.

Dr. Spilsbury argues that because Dr. Al-Fakiani did not possess the skill, knowledge, and experience on the orthodontic procedure at issue in this case, he should not have been allowed to testify that Dr. Spilsbury breached the applicable standard of care.[2] This case involves lingual braces using an iBrace system, meaning that the brackets and wires were placed on the back of Rynders' teeth, and Dr. Al-Fakiani specializes in the Invisalign system of orthodontics. Dr. Spilsbury argues that this makes Dr. Al-Fakiani unqualified to render an opinion on lingual braces. However, as the district court found and we agree, the treatment at issue involved more than just the application of the iBraces.

Dr. Al-Fakiani opined on three major issues regarding Dr. Spilsbury's treatment: (1) whether Rynders' gums were of sufficient health to withstand the treatment, (2) whether extraction of some of Rynders' teeth prior to treatment was required, and (3) whether sufficient oral hygiene instructions were given by Dr. Spilsbury and his staff. Dr. Al-Fakiani's opinions were not specific to lingual braces, but rather, went toward whether Dr. Spilsbury exercised due care in his general orthodontic practices. Accordingly, we conclude that Dr. Al-Fakiani possessed the requisite "skill, knowledge, or experience in the area at issue," *Staccato*, 123 Nev. at 533, 170 P.3d at 507, and the district court

---

[2]Dr. Spilsbury objected at district court to Dr. Al-Fakiani being an expert witness, but the court overruled the objection.

did not abuse its discretion by allowing Dr. Al-Fakiani to provide expert testimony.[3]

*The district court's denial of Dr. Spilsbury's request for a "mere happening" jury instruction was not an abuse of discretion or judicial error*

"[T]he district court has broad discretion to settle jury instructions." *Skender v. Brunsonbuilt Constr. & Dev. Co., LLC*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006) (internal quotations omitted). "A district court's decision to give or decline a proposed jury instruction is reviewed for an abuse of discretion or judicial error." *Atkinson v. MGM Grand Hotel, Inc.*, 120 Nev. 639, 642, 98 P.3d 678, 680 (2004). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Skender*, 122 Nev. at 1435, 148 P.3d at 714 (internal quotations omitted).

Rynders' husband testified that he attended his wife's last appointment with Dr. Spilsbury during which Dr. Spilsbury admitted that he was at fault. Dr. Spilsbury testified that at one point he did offer to complete Rynders' treatment at no cost and to reimburse Rynders for the cost of her orthodontic treatment with him. As a result, Dr. Spilsbury proposed a mere happening jury instruction under *Gunlock v. New Frontier Hotel Corp.*, 78 Nev. 182, 185, 370, P.2d 682, 684 (1962), *abrogated on other grounds by Foster v. Costco Wholesale Corp.*, 128 Nev.,

---

[3]Dr. Spilsbury further argues that under NRS 41A.100(1), Dr. Al-Fakiani was required to show "a foundation from his study of the literature, communications with colleagues, or other study of the procedure" in order to testify as an expert witness. We disagree. Pursuant to NRS 41A.100(1), evidence can consist "of expert medical testimony, material from recognized medical texts or treatises *or* the regulations of the licensed medical facility wherein the alleged negligence occurred." (Emphasis added.) Thus, this argument is without merit.

Adv. Op. 71, 291 P.3d 150 (2012), to limit the impact of these statements. The mere happening instruction states that "[t]he mere fact that there was an accident or other event and someone was injured is not of itself sufficient to predicate liability. Negligence is never presumed but must be established by substantial evidence."[4] *Id.* The district court denied Dr. Spilsbury's request.

Given the district court's "broad discretion to settle jury instructions," we conclude that the denial of the mere happening instruction was not arbitrary or capricious.[5] *Skender*, 122 Nev. at 1435, 148 P.3d at 714. Even if we were to conclude that the district court erred by rejecting Dr. Spilsbury's proposed instruction, reversal is not warranted as the error was not prejudicial. *See Cook v. Sunrise Hosp. & Med. Ctr., LLC*, 124 Nev. 997, 1005, 194 P.3d 1214, 1219 (2008). To establish prejudicial error, the complaining party must demonstrate "that the error substantially affected the party's rights. That standard is met when the complaining party provides sufficient-record evidence showing that, but for the error, a different result might have been reached." *Id.* at 1007, 194 P.3d at 1220 (footnote omitted). Other than pointing to the fact

---

[4]Dr. Spilsbury's proposed instruction used the term "competent evidence" rather than "substantial evidence," but was otherwise identical.

[5]In denying the mere happening instruction, the district court cited to a lack of clarity and an evolution in our recent general negligence caselaw, *see Egan v. Chambers*, 129 Nev., Adv. Op. 25, 299 P.3d 364 (2013); *Foster*, 128 Nev., Adv. Op. 71, 291 P.3d 150, which called into question the validity of the instruction. Because we conclude that the district court did not abuse its discretion by rejecting the proposed instruction, we do not reach the question of whether the mere happening instruction is still good law in Nevada.

SUPREME COURT
OF
NEVADA

(O) 1947A

that the jury found him only 85 percent at fault, Dr. Spilsbury points to no other "sufficient-record evidence" to show that but for the exclusion of the mere happening instruction, the jury may have reached a different result.

Accordingly, we conclude that the district court did not err in denying Dr. Spilsbury's motion for judgment as a matter of law or a new trial, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Gloria Sturman, District Judge
Lansford W. Levitt, Settlement Judge
Law Offices of Alfred F. Belcuore
Carroll, Kelly, Trotter, Franzen, McKenna & Peabody
Blut Law Group, APC
Eighth District Court Clerk