ROSA G. BALLARD, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE EARLE W. WHITE, JR., DISTRICT JUDGE, RESPONDENTS, ALICE M. KOLATH, REAL PARTY IN INTEREST.

No. 19821

February 22, 1990                    787 P.2d 406

*Pearson and Patton,* Las Vegas, for Petitioner.

*Tingey and Burris,* Las Vegas, for Respondents.

*Crockett and Myers,* Las Vegas, for Amicus Curiae.

## OPINION

*Per Curiam:*

This petition for a writ of prohibition challenges an order of the district court permitting the real party in interest, Alice M. Kolath, to discover a statement given by petitioner, Rosa G. Ballard, to her automobile liability insurance carrier.

On December 15, 1987, Kolath was crossing a street on foot when she was struck by petitioner's automobile. On December 21, 1987, petitioner's insurer took petitioner's statement concerning the accident. This statement was taken after Kolath informed the insurer that she was represented by counsel.

On August 2, 1988, Kolath filed a civil complaint against petitioner in the district court. In the course of the litigation, Kolath requested production of petitioner's statement to her insurer. When petitioner refused, the discovery commissioner recommended that the statement be produced. The district court agreed and ordered the statement produced. This petition followed.

Petitioner first contends that the statement was taken in anticipation of litigation and is therefore subject to a qualified privilege under the "work product doctrine." *See* NRCP 26(b)(3) (a party must show substantial need and undue hardship in order to obtain documents prepared in anticipation of litigation by another party or that party's representative). The issue presented is one of first impression in Nevada. We have considered the conflicting authorities from other jurisdictions as cited by the parties and *amicus*

*curiae.*[1] We conclude that the better rule is that the materials resulting from an insurance company's investigation are not made "in anticipation of litigation" unless the insurer's investigation has been performed at the request of an attorney. *See* Langdon v. Champion, 752 P.2d 999 (Alaska 1988). Therefore, because the statement in this case was not taken at the request of an attorney, it is not privileged under NRCP 26(b)(3).

Petitioner also contends that her statement should be protected under the attorney-client privilege. *See* NRS 49.095. The question presented is also one of first impression in Nevada, and again, the authorities addressing this issue from other jurisdictions are conflicting. We conclude that the better rule is that the attorney-client privilege applies to insurers only when the statement is taken by the insurer at the express direction of counsel for the insured. *See* Langdon v. Champion, 752 P.2d 999 (Alaska 1988). The statement in this case was not taken at the direction of counsel for the insured. Therefore, the statement is not subject to the privilege, and the district court properly ordered the statement produced. Accordingly, we deny the petition and vacate our previous order staying enforcement of the challenged order of the district court.

---

[1] We previously granted the Nevada Trial Lawyers Association permission to file an *amicus curiae* brief in opposition to the instant petition.