CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, a Reciprocal Inter-Insurance Exchange Organized Under the Law of the State of California, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND THE HONORABLE MIRIAM SHEARING, DISTRICT JUDGE, DEPARTMENT XV THEREOF, Respondents, and LORY JIMENEZ, Real Party in Interest.

No. 20184

March 27, 1990 · 788 P.2d 1367

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Petitioner.

*Howard J. Needham,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This petition for a writ of prohibition or, in the alternative, for a writ of mandamus challenges an order of the district court compelling petitioner to produce its insurance claim file in connection with an action seeking underinsured motorist benefits and alleging that petitioner withheld those benefits in bad faith.

Real party in interest Jimenez had underinsured motorist coverage through petitioner California State Automobile Association (CSAA) when she was in a car accident in May 1985. Jimenez received $15,000 for bodily injury from the other driver's insurer and $7,200 in medical payments from CSAA. She subsequently submitted a claim to CSAA for additional benefits under the terms of her underinsured motorist policy. CSAA denied the claim, believing that Jimenez had already received adequate compensation and because its independent medical evaluation found no symptoms of injuries.

Jimenez filed a complaint against CSAA alleging that she was entitled to these additional benefits and that CSAA had denied her claim in bad faith. During initial discovery, Jimenez requested CSAA's claim adjustment file on her case. CSAA objected to the request on the basis that discovery of the file for the bad faith claim was improper before resolution of Jimenez' claim of entitlement to benefits. Jimenez filed a motion to compel production. Following a hearing on May 1, 1989, Judge Shearing granted the motion and ordered CSAA to produce the file. The instant petition, challenging Judge Shearing's order, followed.

The propriety of this court's intervention by way of extraordinary writ turns on whether the claim file constitutes privileged information. *See* Clark County Liquor v. Clark, 102 Nev. 654, 659, 730 P.2d 443, 447 (1986). Petitioner contends that an insurance claim file consists of documents prepared in anticipation of litigation and is therefore protected from disclosure under NRCP 26(b)(3). Petitioner further contends that a claim file reflects the mental impressions and legal theories of the attorney for the insurer and is therefore protected from disclosure under the attorney-client privilege. *See* NRS 49.095.

Jimenez maintains, on the other hand, that the insurance claim file was not prepared in anticipation of litigation and is not

protected by NRCP 26(b)(3). Jimenez also notes that, other than petitioner's general contention that a claim file is protected by the attorney-client privilege, CSAA does not specifically assert that it seeks to protect privileged attorney-client communications.

Preliminarily, we note that in its opposition to Jimenez' motion to compel, CSAA did not expressly assert that the file was protected from disclosure under the doctrines of work product protection or attorney-client privilege. Moreover, we recently held that "the materials resulting from an insurance company's investigation are not made 'in anticipation of litigation' unless the insurer's investigation has been performed at the request of an attorney." Ballard v. Eighth Judicial District Court, 106 Nev. 83, 787 P.2d 406 (1990). In *Ballard,* we further held that "the attorney-client privilege applies to insurers only when the statement is taken by the insurer at the express direction of counsel for the insured."

Because petitioner did not specifically raise the issues of work product protection and attorney-client privilege below, the district court has been accorded no opportunity to make findings of fact respecting whether the claim file was prepared "at the request of an attorney" or "at the express direction of counsel for the insured." When disputed factual issues are critical in demonstrating the propriety of extraordinary relief, those factual issues should be resolved in the first instance in the district court. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). Accordingly, we conclude that petitioner's generalized assertion of the applicability of these doctrines fails to demonstrate that this court's intervention by way of extraordinary writ is warranted at this time.

Petitioner also contends that the claim file is only relevant to Jimenez' claim for bad faith. Petitioner contends that where, as here, a claimant alleges entitlement to benefits under her policy, as well as a bad faith denial of those benefits, she must first demonstrate that she is indeed entitled to coverage. Petitioner notes that courts in some jurisdictions have severed the contract (entitlement) claim from the bad faith claim and required that the contract claim be tried first.

Under NRCP 42(b), a district court, in the exercise of its sound discretion, may order a separate trial of any claim to further convenience or avoid prejudice. In the present case, however, petitioner filed no motion to sever pursuant to NRCP 42(b) in the proceedings below. Nor did petitioner specifically raise the question of bifurcation in its opposition to the motion to compel. In our view, such factual questions of judicial convenience and prejudice should also be resolved in the first instance in

the district court. *See Round Hill Gen. Imp. Dist., supra.* Further, under the circumstances, petitioner has failed to demonstrate that the district court acted arbitrarily or capriciously in the exercise of its discretion. *See* Collier v. Legakes, 98 Nev. 307, 310-11, 646 P.2d 1219, 1221 (1982). Accordingly, we deny the petition.