No. 91-347

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

SHIRLEY A. HERBST,

   Plaintiff and Appellant,

 -vs-

BESSIE MILLER,

   Defendant and Respondent.

FILED

JAN 1 6 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighteenth Judicial District,
       In and for the County of Gallatin,
       The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

   For Appellant:

   Peter M. Kirwan, Kirwan & Barrett, Bozeman, Montana.

   For Respondent:

   Gene I. Brown, Landoe, Brown, Planalp & Braaksma,
   Bozeman, Montana.


       Submitted on briefs: November 8, 1991

          Decided: January 16, 1992

Filed:

          Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighteenth Judicial District, Gallatin County. The plaintiff, Shirley Herbst, initiated a negligence action after sustaining injuries from a fall down the stairway of a building owned by the defendant, Bessie Miller. A jury found for defendant and judgment was entered. We reverse and remand.

The sole issue for review is whether the District Court erred in refusing to instruct the jury that Bessie Miller was 'negligent per se' for allegedly violating building and maintenance requirements mandated by the Town of Belgrade.

Bessie Miller (Miller) owns a building in Belgrade that includes a single rental apartment in the basement. The remainder of the building is occupied by a business owned and operated by Miller. The foundation, including the basement apartment, was built and the building moved onto the foundation in late 1977 or early 1978. The only access to the basement apartment is a concrete stairwell on the outside of the building. There was no handrail along the stairway prior to the plaintiff's accident.

Shirley Herbst (Herbst) was visiting the tenant in the basement apartment in December, 1988, when she slipped, fell down the stairs and was injured. Herbst initiated this action, alleging Miller was negligent on several grounds. A jury trial was held. Among Herbst's allegations, she maintained that the absence of a handrail was in violation of the building and maintenance ordinance of the Town of Belgrade, was 'negligence per se', and that the jury

2

should be so instructed. Herbst's proposed instruction provided:

> If you find that the Defendant violated any of the following provisions of the State Building Code, then the Defendant is negligent. You should then determine whether that negligence was a cause of the Plaintiff's injury.

The court declined to instruct the jury that breach of the building code is negligence as a matter of law because the court was concerned it would, in essence, be directing the verdict by diverting the jury from addressing the issue of causation. Any breach of the building code was determined by the court to be evidence of negligence and no more. The jury found no negligence by special verdict, and judgment was entered in favor of Miller. Herbst appeals.

It is undisputed at the time of the accident there was no handrail along the basement stairway. Miller argues that the applicable building code did not require there to be a handrail when Herbst fell down the stairs. Resolution of this controversy requires our determination of the applicable building code.

Prior to the 1977/1978 construction of the basement apartment, the Department of Commerce, pursuant to § 50-60-203, MCA, adopted the Uniform Building Code (UBC), which, when adopted, constituted the State Building Code. Section 50-60-205, MCA, as amended effective April 4, 1977, provided:

> If a municipality or county does not adopt a building code as provided in 50-60-301, the state building code applies within the municipal or county jurisdictional area and the state will enforce the code in these areas.

At the time the basement apartment was constructed, the Town of Belgrade had not adopted a building code, and the State Building

3

Code applied. Chapter **33,** 53305 (j), of the 1976 edition of the UBC, as adopted by the State, requires that stairways have handrails. The basement apartment as constructed was in violation of the then applicable building code because no handrail was installed.

Section 50-60-301, MCA, provides that

> The local legislative body of a municipality or county may adopt a building code by ordinance to apply to the municipal or county jurisdictional area.

On January 8, 1979, the Town of Belgrade pursuant to § 50-60-301, MCA, adopted by reference the 1976 edition of the UBC.

In 1981, the State Legislature amended § 50-60-102, MCA, modifying the State's application of the UBC. Section 50-60-102, MCA, as amended in part provides:

> (1) The state building codes do not apply to: (a) residential buildings containing less than five dwelling units. ...

Miller argues that the Belgrade ordinance adopting the UBC and requiring handrails cannot be retroactively applied to her 1977 construction of the basement apartment. Furthermore, Miller argues that the accident occurred after the 1981 amendment and buildings such as Miller's are no longer required by the State to have handrails because it is a residential building with a single dwelling unit. Herbst, Miller contends, must show that the code was not only in effect at the time of construction, but also that it remained in effect at the time of the accident.

As previously stated, Miller was in violation of the applicable code (the State Code) at the time of construction.

4

Furthermore, the State's application of the UBC, in regards to residential dwellings like Miller's, was modified by the **1981** amendment to § **50-60-301,** MCA. In **1988,** the <u>State</u> Building Code provisions regarding the installation of handrails were not applicable to Miller's building. However, we must take into account that municipalities have been authorized to regulate by their own building codes.

Here, the Town of Belgrade did adopt their own code, the UBC. However, Belgrade has not modified the application of the UBC as did the State. The Town of Belgrade continues to apply the UBC to single unit buildings such as Miller's. The **1988** edition of the UBC, Chapter **33,** (now) §3306 **(j),** continues to require handrails on stairways such as the one leading to Miller's basement apartment. Miller's building was required to have handrails installed at the time of construction (via the State Code) and continues to be required to have handrails (via the Town of Belgrade's ordinance adopting the UBC). Miller violated both the building code in effect at construction and the building code in effect at the time of Herbst's accident.

The remaining question is whether Miller's violation of the building code is negligence per *se* or whether the District Court correctly characterized the violation as evidence of negligence. We have held that violation of an administrative rule adopted under § **50-60-203,** MCA, as in the instant case, is not negligence per se but instead is evidence of negligence. Cash v. Otis Elevator Company **(1984),** 210 Mont. **319, 684** P.2d **1041.** In <u>Otis</u>, we

recognized that § 50-60-203, MCA, mandates the Department of Commerce to adopt rules but that the legislature did not act further to incorporate by reference the rules adopted by the agency. In contrast, we held that violation of a national standard adopted by specific statutory reference is negligence as a matter of law. Martel v. Montana Power Company (1988), **231** Mont. 96, 752 P.2d 140. In the instant case, the legislature has not adopted the UBC by reference. Therefore, violation of the <u>State</u> Building Code is violation of an administrative rule and is only evidence of negligence and not negligence per se.

However, we have determined that the applicable building code at the time of the accident was the UBC as adopted by the Town of Belgrade. The Town of Belgrade adopted a resolution whereby the UBC is incorporated by reference. The ordinance adopted by the Town of Belgrade unambiguously states that it is unlawful to ". . . use, occupy or maintain any building or structure in the Town limits, or its jurisdiction . . . contrary to or in violation of any of the provisions of this Code." In <u>Martel</u>, we determined that standards implemented for public safety are not only applicable for initial design and construction but can also include elements of maintenance. <u>Martel</u>, at **103.**

We conclude, the ordinance, by its wording, adopted by the Town of Belgrade applies to the maintenance of <u>all</u> buildings in the Town of Belgrade's jurisdiction. Miller's failure to install a handrail leading to the basement apartment is a failure to maintain her building in adherence with the ordinance and is therefore a

violation of the ordinance.  It is long settled that violation of a city ordinance constitutes negligence per se.  Marsh v. Ayers (1927), *80* Mont. 401, 260 P. 702.

The District Court erred by not instructing the jury that violation of the Town of Belgrade's municipal building code was negligence per se.  Herbst is entitled to such an instruction and therefore the District Court is reversed and this case is remanded for further proceedings consistent with this opinion.

_____
                                  Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
            Justices