DAVID F. BRANNAN, APPELLANT, *v.* NEVADA ROCK & SAND COMPANY, RESPONDENT.

No. 20813

January 6, 1992                    823 P.2d 291

[Rehearing denied July 21, 1992]

*Burris & Thomas,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon* and *John E. Gormley,* Las Vegas, for Respondent.

[6]The Honorable Steven R. Kosach, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

On December 28, 1982, appellant David Brannan (Brannan) and a friend were riding their motorcycles in an uninhabited area of desert near the intersection of Hollywood Boulevard and Pabco Road in the Las Vegas Valley. While traveling south on Pabco Road at an excessive speed, Brannan collided with a Nevada Rock & Sand Company (Nevada Rock) tandem trailer "belly dump" truck that was traveling west on Hollywood Boulevard. As a result of the accident, Brannan suffered catastrophic injuries.

Brannan brought suit against Nevada Rock for negligently maintaining and possessing Hollywood Boulevard, for negligently maintaining the brakes on the company's trucks, and for the negligent driving of its truck driver. The jury returned a verdict in favor of Nevada Rock, and the present appeal ensued.

Brannan first contends that the district court erred in excluding evidence that Nevada Rock possessed and controlled Hollywood

Boulevard, because possession and control of land gives rise to a duty to maintain that land. *See* Restatement (Second) of Torts § 367 (1965).[1] To support his claim, Brannan presented evidence that Nevada Rock periodically plowed portions of Hollywood Boulevard, that Hollywood Boulevard was used extensively by Nevada Rock's trucks in going back and forth between the rock quarry and the rock crushing plant, and that at some entrances to the intersection, Nevada Rock had placed warning signs. We conclude that the facts cited by Brannan are insufficient to establish that Nevada Rock was a possessor of the intersection in question and that the district court did not abuse its discretion in excluding this evidence. Moreover, even if Brannan had presented facts sufficient to establish Nevada Rock's possession, Nevada law precludes the imposition of a duty upon Nevada Rock to protect Brannan. NRS 41.510 states that an occupier of open land owes no duty to keep the premises safe from entry or use by others for recreational purposes. Brannan's motorcycle-riding was undisputedly a recreational use.

Brannan next asserts that the district court erred in refusing to permit the introduction of facts to establish that Nevada Rock's truck had faulty brakes and that Nevada Rock had a policy of not maintaining its trucks' brakes. Brannan contends that had this evidence been admitted, he also would be entitled to an instruction stating that the failure to maintain the truck's brakes as required by NRS 484.597 established per se negligence. The district court refused to admit the evidence of faulty brakes or faulty brake maintenance or give the requested per se negligence instruction because it found that no causal connection between the truck's faulty brakes and the accident had been shown. We conclude otherwise and hold that the district court should have both admitted the evidence of faulty brakes and given the requested jury instruction.

NRS 484.597 requires that all brakes on vehicles be maintained in good working order. Brannan was prepared to present evidence to demonstrate that Nevada Rock violated this statute. After the accident, an officer of the Nevada Motor Carrier Division inspected the brakes on the truck. The inspection revealed that the brakes on two of the six axles were nonfunctional, and the inspector characterized five of the six axle brakes as inoperable.

---

[1] The Restatement (Second) of Torts § 367 (1965) states:

A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for physical harm caused to them, while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel.

Even when the inspector began his inspection, the driver of the truck warned him that he "wasn't going to like what [he] found" and that Nevada Rock put all of its bad trucks hauling gravel on Hollywood Boulevard. Other truck drivers testified that when a driver brought a truck in complaining about the brakes, Nevada Rock would send the truck out with another driver. If a driver refused to drive a truck because it was unsafe, the complaining driver would be sent home and another driver assigned to drive the truck. One driver testified that there was no regular brake maintenance program and that the brakes on the trucks were not properly maintained.

Nevada Rock contends that there was no causal connection between the faulty brakes and the accident because Brannan failed to demonstrate that the accident could have been prevented had the driver hit his brakes prior to the collision. Although the evidence concerning this point was conflicting, we conclude that Brannan presented sufficient facts to support his contention. At trial, the driver of the truck testified that he hit his brakes only after the motorcycle hit the side of his vehicle. However, on cross-examination, it was brought out that in his prior deposition, the truck driver had indicated that he hit his brakes substantially before impact. He acknowledged his prior statement and admitted that it was possible that he hit his brakes 100 yards prior to impact, but now he could not recall. Brannan's reconstruction expert testified that if the truck was traveling at twenty-five miles per hour, as claimed, and the truck driver observed the motor-cyclist coming toward the intersection when the truck was 110 feet away, the truck driver could have stopped before the actual point of impact, assuming a minimum braking power and a normal driver reaction time. While this expert modified his conclusion somewhat during cross-examination, there was still sufficient expert testimony to show that the driver could have stopped his truck when he first was able to see Brannan, if the brakes were in good operating order, if he immediately hit his brakes 110 feet from the point of impact. Because Brannan should have been permitted to present evidence as to the truck driver's ability to stop his vehicle, the effectiveness of the brakes could also have had a direct bearing on the jury's deliberation and should have been explored.

NRS 484.597 is designed to protect the traveling public and to ensure that all those operating motor vehicles adequately maintain their brakes. Brannan is a member of a class of persons designed to be protected by this statute and there was evidence to establish a causal connection between the improperly maintained brakes and the accident. *See* Barnes v. Delta Lines, Inc., 99 Nev. 688, 669 P.2d 709 (1983) (when defendant violates statute

designed to protect class of persons to which plaintiff belongs, and thereby proximately causes injury to plaintiff, such violation constitutes negligence per se). Therefore, the district court also should have given the requested instruction stating that a violation of NRS 484.597 would be per se negligence. *See* Beattie v. Thomas, 99 Nev. 579, 583, 668 P.2d 268, 271 (1983) (party is entitled to have jury instructed on its theory of the case if sufficient evidence is presented to support it). The jury would then be in a position to determine whether the brakes on the truck were improperly maintained in violation of NRS 484.517, and if so, whether the faulty brakes were a proximate cause of the accident. Failure to admit this evidence and to instruct the jury properly prevented Brannan from asserting an essential portion of his case and mandates reversal.

Appellant's remaining contentions are without merit. Accordingly, we reverse the judgment of the district court and remand this case with instructions that it be retried before a different district court judge.

SPRINGER, ROSE and YOUNG, JJ., and GRIFFIN, D. J.,[2] concur.

MOWBRAY, C. J., concurring in part and dissenting in part:

I concur in the majority opinion insofar as it holds that Nevada Rock, as an occupier of open land, had no duty to keep the premises safe from entry or use by David Brannan, whose use was recreational. This holding is compelled by the plain meaning of the language contained in NRS 41.150.

I cannot agree with the majority, however, that the district court erred in refusing to admit evidence of faulty brakes and rejecting the corresponding per se negligence instruction requested by Brannan. The majority's conclusion, though appealing in light of the dreadful injuries suffered by Brannan, contravenes basic principles of tort law.

An essential element of the plaintiff's cause of action for negligence is that there be some reasonable connection between the act or omission of the defendant and the harm which the plaintiff has suffered. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 41, at 263 (5th ed. 1984). This connection is dealt with by courts in terms of what usually is called "proximate cause." *Id.* In determining whether an act or omission proximately caused the harm in question, our threshold inquiry is whether the act or omission constitutes a cause in "fact" of the

---

[2]The Honorable Michael R. Griffin, Judge of the First Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE THOMAS L. STEFFEN, Justice. Nev. Const. art. 6, § 4.

harm. *Id.* at 264. Under this inquiry, "[a]n act or omission is not regarded as a cause of an event if the particular event would have occurred without it." *Id.* at 265.

In the case before us, Nevada Rock was unquestionably negligent in operating its truck without proper brakes, in violation of NRS 484.597. Yet, even if the brakes had been in the best of condition, the driver of Nevada Rock's truck could not have stopped in time to avoid colliding with Brannan. The evidence firmly established that Brannan was traveling at an excessive speed and that he struck the rear side of the truck, some twenty-five feet from the front of the vehicle. Reasonable minds could not escape the conclusion that the cause in "fact" of the accident was not Nevada Rock's negligence, but Brannan's reckless operation of his motorcycle. As a matter of law, then, Nevada Rock's negligence did not proximately cause the harm suffered by Brannan.

Because of the lack of any causal connection whatsoever between the faulty brakes and the accident, the evidence concerning Nevada Rock's brake maintenance and repair practices has little probative value. *See* NRS 48.015. At the same time, this evidence is tremendously prejudicial to Nevada Rock's defense. The trial court, recognizing that the scant probative value of this evidence was vastly outweighed by the danger of unfair prejudice to Nevada Rock, correctly refused to admit it at trial. *See* NRS 48.035.

With respect to the negligence per se instruction requested by Brannan, the district court correctly rejected the instruction unless it can be shown that Brannan presented sufficient evidence to establish that Nevada Rock's act or omission proximately caused the accident. *See* Barnes v. Delta Lines, Inc., 99 Nev. 688, 669 P.2d 709 (1983). As noted above, Brannan failed to demonstrate the required causal connection. Therefore, the trial court did not err in refusing the instruction.

In my view, the judgment of the trial court should be affirmed.