WENDY VEGA, Appellant, *v.* EASTERN COURTYARD ASSOCIATES, a Limited Partnership, Respondent.

No. 33932

WENDY VEGA, Appellant, *v.* EASTERN COURTYARD ASSOCIATES, a Limited Partnership, Respondent.

No. 34059

June 13, 2001                                      24 P.3d 219

*Parker Nelson & Arin, Chtd.*, and *Casey D. Gish*, Las Vegas, for Appellant.

*Pyatt & Silvestri* and *Phillip V. Tiberi*, Las Vegas, for Respondent.

## OPINION

By the Court, ROSE, J.:

In these consolidated appeals[1] we are asked to determine whether the violation of a validly adopted building code provision constitutes negligence per se. We conclude that the violation of a building code provision adopted by a county ordinance is negligence per se if the plaintiff belongs to the class of persons the building code provision is intended to protect, and the injury the plaintiff suffered is of the type the provision was intended to prevent. Accordingly, because the district court failed to properly instruct the jury regarding the negligence per se doctrine, we reverse the district court's judgment in favor of the respondent, as well as the district court's order awarding attorney fees, and remand this case to the district court for further proceedings consistent with this opinion.

### FACTS

On September 10, 1993, appellant Wendy Vega had a scheduled appointment at respondent Eastern Courtyard Associates' medical facility in Las Vegas. While attempting to negotiate a

---

[1]On November 2, 1999, this court issued an order consolidating these appeals.

ramp[2] leading to the main entrance, Vega slipped, fell and was injured. Vega commenced suit, claiming Eastern Courtyard was negligent.

Prior to trial, Vega moved for partial summary judgment on the issue of duty and breach pursuant to the theory that Eastern Courtyard was negligent per se. Vega argued that Eastern Courtyard, as owner of the premises, had violated a provision of the Uniform Building Code ("UBC"), which had been adopted as part of the Building Code of Clark County.[3] Vega claimed that the slope of the ramp leading into the entrance of the medical complex exceeded the slope allowed under the UBC, and that such a violation constituted negligence as a matter of law, or negligence per se. The district court, however, found that factual issues remained for trial, and, accordingly, denied Vega's motion for partial summary judgment.

Vega again raised the theory of negligence per se in her trial brief. Vega proposed that the jury be charged with Nevada Jury Instruction 4.12, which reads:

There was in force at the time of the occurrence in question [a law] [laws] which read as follows:

A violation of the law[s] just read to you constitutes negligence as a matter of law. If you find that a party violated a law just read to you, it is your duty to find such violation to be negligence; and you should then consider the issue of whether that negligence was a [proximate] [legal] cause of injury or damage to the plaintiff.[4]

The district court, however, again ruled that Vega's negligence per se theory did not apply to the facts of this case. The district court refused to allow Vega to utilize the negligence per se doctrine

---

[2]Both parties in this dispute refer to the slope in question as a "ramp"; however, the area where Vega slipped is more accurately described as the tapered portion of the sidewalk that declined from the interior portion of the sidewalk to the adjoining parking lot. While no evidence challenging this characterization was presented at trial or to this court on appeal, there is some question whether this slope actually fits within the Uniform Building Code's definition of a ramp. We note that a case similar to the instant case was decided by the Montana Supreme Court on the ground that the Uniform Building Code's provision concerning ramps did not apply to the slope in question. See Knutson v. Barbour, 879 P.2d 696, 698-700 (Mont. 1994).

[3]See Clark County Ordinance § 22.04.010 ("[T]he 'Uniform Building Code, 1991 Edition,' . . . is designated as the building code of Clark County and by the designation and reference is adopted and made a part of this chapter, the same as if it were fully set forth herein."). NRS 244.105 allows Nevada counties to adopt uniform building, plumbing or electrical codes by reference.

[4]Nev. J.I. 4.12 (brackets in original).

because Vega only alleged that Eastern Courtyard violated a building code provision enacted into law by an ordinance, not a statute. Thus, the case proceeded to trial solely on the issue of liability.[5]

At trial, Vega presented expert testimony demonstrating that the slope of the ramp exceeded the slope allowed under the UBC. Notably, Eastern Courtyard presented no evidence of its own regarding the slope of the ramp, nor did Eastern Courtyard challenge the characterization of the slope in question as a "ramp" under the UBC. Instead, Eastern Courtyard argued that even if the ramp violated the UBC, such a violation was not the proximate cause of Vega's injuries. In support of this argument, Eastern Courtyard demonstrated that if the jury accepted Vega's expert's calculations, any violation of the UBC was minimal.

At the close of evidence, the district court instructed the jury that if it found that Eastern Courtyard had, in fact, violated the UBC, the jury could consider such a violation as evidence of Eastern Courtyard's negligence.[6] The jury subsequently returned a verdict in favor of Eastern Courtyard. Following the favorable verdict, Eastern Courtyard filed a motion for attorney fees pursuant to NRCP 68. Because Vega failed to oppose the motion, the district court granted attorney fees to Eastern Courtyard in the sum of $31,596.25. This appeal followed.

## DISCUSSION

Whether a particular statute, administrative regulation or local ordinance is utilized to define the standard of care in a negligence action is clearly a question of law to be determined exclusively by the court.[7] Accordingly, our review is de novo.[8]

---

[5]In this appeal, Vega also asks this court to review the district court's decision to bifurcate the trial pursuant to NRCP 42(b). Because of our resolution of the negligence per se issue, we need not address this issue. We do note, however, that we have generally held that the question of whether to order separate trials is left to the sound discretion of the district court. *C.S.A.A. v. District Court,* 106 Nev. 197, 199, 788 P.2d 1367, 1368 (1990).

[6]The instruction given to the jury read:

> If you find that the ramp in question was maintained by the defendants in violation of the Uniform Building Code, you may consider this as evidence that defendant [ ] breached its duty.
>
> The fact that the defendant [ ] may not have had knowledge of the Uniform Building Code requirements does not excuse a violation.

[7]*Sagebrush Ltd. v. Carson City,* 99 Nev. 204, 208, 660 P.2d 1013, 1015 (1983) ("Whether a legislative enactment provides a standard of conduct in the particular situation presented by the plaintiff is a question of statutory interpretation and construction for the court.").

[8]*County of Clark v. Upchurch,* 114 Nev. 749, 753, 961 P.2d 754, 757 (1998) ("The construction of a statute is a question of law subject to de novo review.").

Although we have never ruled on the applicability of an alleged violation of a building code provision in a plaintiff's negligence action, we have consistently held that the violation of a statute constitutes negligence per se if the injured party belongs to the class of persons that the statute was intended to protect, and the injury suffered is of the type the statute was intended to prevent.[9] In *Barnes v. Delta Lines, Inc.*,[10] we held that where a plaintiff adduced evidence at trial showing that the defendant violated a statute designed to protect a class of persons to which the plaintiff belonged, the district court erred by failing to instruct the jury regarding the negligence per se doctrine.[11] And later, in *Del Piero v. Phillips*,[12] we applied the same analysis to a municipal ordinance. In that case we determined that a violation of the Reno Municipal Code, along with the defendant's failure to yield to pedestrians as required by the "rules of the road," required that the jury be instructed regarding negligence per se.[13]

In *Ashwood v. Clark County*,[14] we declined to decide whether a violation of the UBC could be utilized as the basis for a plaintiff's theory that the defendant was negligent per se.[15] But as dictum in *Ashwood* evidences, we recognized that the UBC was legislative in nature. We also determined, however, that the UBC arguably appeared to be akin to an administrative regulation. We now take this opportunity to refute the dictum contained in *Ashwood*, and hold that the UBC is not administrative in nature.

Instead, we conclude that an alleged violation of a provision of the UBC may be utilized as part of a plaintiff's negligence per se theory if the plaintiff belongs to the class of persons that the provision was intended to protect, and the injury suffered is of the type the provision was intended to prevent. We see no reason not to apply the reasoning and analysis we employed in *Barnes* and *Del Piero* to an alleged violation of a building code provision. Other jurisdictions that have addressed this issue are in accord with this ruling.[16]

---

[9]*Anderson v. Baltrusaitis,* 113 Nev. 963, 965, 944 P.2d 797, 799 (1997) (quoting *Ashwood v. Clark County,* 113 Nev. 80, 86, 930 P.2d 740, 744 (1997) (citing *Sagebrush Ltd. v. Carson City,* 99 Nev. 204, 208, 660 P.2d 1013, 1015 (1983))); *Brannan v. Nevada Rock & Sand,* 108 Nev. 23, 26-27, 823 P.2d 291, 293 (1992); *Barnes v. Delta Lines, Inc.,* 99 Nev. 688, 690, 669 P.2d 709, 710 (1983).

[10]99 Nev. 688, 669 P.2d 709.

[11]*Id.* at 690, 669 P.2d at 710-11.

[12]105 Nev. 48, 769 P.2d 53 (1989).

[13]*Id.* at 51-53, 769 P.2d at 55-56.

[14]113 Nev. 80, 930 P.2d 740 (1997).

[15]113 Nev. at 87 n.3, 930 P.2d at 744 n.3.

[16]*See Cable v. Shefchik,* 985 P.2d 474 (Alaska 1999); *Huang v. Garner,*

Accordingly, we hold that if (1) a violation of a building code provision adopted by local ordinance is established, (2) an injured party fits within the class of persons that a particular provision of a building code was intended to protect, and (3) the injury suffered is of the type the provision was intended to prevent, the alleged violation constitutes negligence per se. We also hold that whether an injured party belongs to the class of persons that the provision at issue was meant to protect, and whether the injury suffered is the type the provision was intended to prevent, are questions of law to be determined by the court.[17] If the district court had utilized Vega's proffered instruction, the jury would have been able to determine whether the ramp at issue fit within the UBC's definition of a ramp, whether Eastern Courtyard had, in fact, violated the UBC provision and whether the alleged violation was the proximate cause of Vega's injuries.[18] Because Vega adduced sufficient evidence at trial supporting her negligence per se theory, it was reversible error for the district court to refuse to instruct the jury accordingly.[19]

## CONCLUSION

The violation of a building code provision may serve as the basis for an action brought under a negligence per se theory if the plaintiff belongs to the class of persons that the provision was intended to protect, and the injury the plaintiff suffered is of the type the provision was intended to prevent. Therefore, the district court incorrectly instructed the jury concerning Eastern Courtyard's alleged violation of the UBC. Upon remand, the district court should determine if Vega belongs to the class of persons that the provision was intended to protect, and the injury

---

203 Cal. Rptr. 800 (Ct. App. 1984), *disapproved on other grounds, Aas v. Superior Court,* 12 P.3d 1125 (Cal. 2000); *Nettleton v. Thompson,* 787 P.2d 294 (Idaho Ct. App. 1990); *Bills v. Willow Run 1 Apartments,* 547 N.W.2d 693 (Minn. 1996); *Herbst v. Miller,* 830 P.2d 1268 (Mont. 1992); *Eduardo v. Clatsop Community Resource Dev. Corp.,* 4 P.3d 83 (Or. Ct. App. 2000).

[17]*See Ashwood,* 113 Nev. at 87, 930 P.2d at 744 (concluding as a matter of law that the plaintiff was not a member of the class of persons that the building code was intended to protect); *Barnes,* 99 Nev. at 690, 669 P.2d at 710-11 (concluding that the statutes in question were enacted to protect the class of persons to which the plaintiff belonged); *see also Nunneley v. Edgar Hotel,* 225 P.2d 497, 499-500 (Cal. 1950) (determining that whether the plaintiff was one of the class of persons for whose protection the ordinance was adopted is a question of law).

[18]*Barnes,* 99 Nev. at 690, 669 P.2d at 711.

[19]*Beattie v. Thomas,* 99 Nev. 579, 583, 668 P.2d 268, 271 (1983) (party is entitled to have jury instructed on its theory of the case if sufficient evidence supports the theory).

Vega allegedly suffered is of the type the provision was intended to prevent. If the district court so finds, it must instruct the jury regarding the negligence per se doctrine. Accordingly, we reverse the district court's judgment, as well as the district court's order granting attorney fees, and remand this matter to the district court for further proceedings consistent with this opinion.

SHEARING, LEAVITT and BECKER, JJ., concur.

MAUPIN, C. J., with whom YOUNG and AGOSTI, JJ., agree, dissenting:

I would affirm the district court's decision in this instance. In 1969 we decided *Price v. Sinnott.*[1] The appellant in *Price* argued that an administrative rule promulgated by the Nevada Liquefied Petroleum Gas Board, which had been violated by the respondent, should serve as a basis for the appellant's theory of negligence per se. Holding that the administrative rule in that case did not rise to the level of a state statute, this court held that evidence of the rule's violation could be considered by a jury as evidence of negligence, but not considered as negligence per se.[2]

More recently, we decided *Ashwood v. Clark County,*[3] in which we noted in the margin:

> [T]here is some question as to whether the Clark County Building Code is an appropriate basis for application of the negligence *per se* doctrine. In *Price v. Sinnott,* we held that "proof of a deviation from an administrative regulation is only evidence of negligence; not negligence *per se.*" . . . We reasoned that, "[t]his point of view best serves all interests since it accords appropriate dignity to administrative rules and concomitantly affords some leeway for those instances where the rule in issue may be arbitrary and its violation not necessarily unreasonable."
>
> Although the Clark County Building Code is promulgated as a legislative ordinance, it appears, at least arguably, administrative in nature. Nevertheless, because this issue was neither raised before the district court, nor briefed on appeal, and because resolution of this issue would not affect the outcome of this case, we decline to consider this issue at the present time.[4]

Although we declined to decide the issue, we likened the build-

---

[1] 85 Nev. 600, 460 P.2d 837 (1969).

[2] *Id.* at 605, 460 P.2d at 840.

[3] 113 Nev. 80, 930 P.2d 740 (1997).

[4] *Id.* at 87 n.3, 930 P.2d at 744 n.3 (citation omitted) (quoting *Price,* 85 Nev. at 605, 460 P.2d at 840).

ing code at issue in *Ashwood* to the administrative regulation discussed in *Price*.

While other courts that have addressed this issue have ruled that violation of a validly adopted provision of the UBC would constitute negligence per se,[5] such a rule is not uniform. Citing the *Restatement (Second) of Torts* § 286 (1965), the Wyoming Supreme Court ruled in *Pullman v. Outzen*[6] that not all ordinances may properly serve as a basis for negligence per se.[7] Therefore, the Wyoming Supreme Court held that the violation of the UBC should only be utilized by the jury as evidence of the defendant's negligence.[8] Prosser and Keeton note that many courts that have applied a per se rule with regard to violations of statutory enactments have taken a less stringent view with regard to violations of local building codes or administrative regulations.[9]

I believe the better view is that which permits the jury to hear evidence of a building code violation when considering the issue of negligence, but that a building code violation should not be considered negligence per se since building code provisions are not uniformly applied. This is underscored by the fact that many building code provisions are often waived or made subject to variances by the local governments.

I certainly agree that persons claiming damages in a premises liability matter must be able to litigate the question of whether the defendant has violated a building code provision and whether the violation was the proximate cause of the plaintiff's damages. An instruction that such a violation is evidence of negligence sufficiently facilitates the ability to press these issues. The inherent ability of local governments to waive enforcement or formally provide variances is an important reason why building code ordinances should not be treated in the same way as we treat the violation of state legislative measures in such matters.

---

[5]*See Cable v. Shefchik,* 985 P.2d 474 (Alaska 1999); *Huang v. Garner,* 203 Cal. Rptr. 800 (Ct. App. 1984), *disapproved on other grounds, Aas v. Superior Court,* 12 P.3d 1125 (Cal. 2000); *Nettleton v. Thompson,* 787 P.2d 294 (Idaho Ct. App. 1990); *Bills v. Willow Run 1 Apartments,* 547 N.W.2d 693 (Minn. 1996); *Herbst v. Miller,* 830 P.2d 1268 (Mont. 1992); *Eduardo v. Clatsop Cmty. Res. Dev. Corp.,* 4 P.3d 83 (Or. Ct. App. 2000).

[6]924 P.2d 416 (Wyo. 1996).

[7]*Id.* at 417.

[8]*Id.* at 418.

[9]Keeton et al., *Prosser and Keeton on the Law of Torts* § 36 (5th ed. 1984).