Dennis A. LARSON and Kathryn Larson, Plaintiffs,

v.

HOMECOMINGS FINANCIAL, LLC (f/k/a Homecomings Financial Networking, Inc.), Nationstar Mortgage, Inc., Executive Trustee Services, LLC, and Does I–X, Roes I–X Inclusive, Defendants.

Case No. 2:09–cv–01015–RLH–GWF.

United States District Court, D. Nevada.

Sept. 1, 2009.

Joel Selik, Neal Chambers, Chambers & Selik, LLP, Las Vegas, NV, for Plaintiffs.

Rachel E. Donn, Peter E. Dunkley, Wolfe & Wyman, LLP, Kristin A. Schuler–Hintz, McCarthy & Holthus, LLP, Las Vegas, NV, for Defendants.

## ORDER

(Motion to Dismiss—# 5; Joinder in Motion and Motion to Dismiss—# 9)

ROGER L. HUNT, Chief District Judge.

Before the Court is Defendants Homecomings Financial, LLC ("Homecomings") and Executive Trustee Services, LLC's ("ETS") **Motion to Dismiss, or in the Alternative, for Summary Judgment** (# 5), filed June 6, 2009. The Court has also considered Plaintiffs' Opposition (# 10), filed June 29, 2009, and Defendants Homecomings and ETS's Reply (# 17), filed July 17, 2009.

Also before the Court is Defendant Nationstar Mortgage, Inc.'s ("Nationstar") **Joinder in Motion and Motion to Dismiss** (# 9), filed June 18, 2009. The Court has also considered Plaintiffs' Opposition (# 14), filed July 6, 2009, and Nationstar's Reply (# 15), filed July 7, 2009. Pursuant to Local Rule 7–2(c), the Court did not consider Nationstar's Reply (# 13), filed July 5, 2009, as Plaintiffs had yet to file their Opposition.

## BACKGROUND

Plaintiffs financed the real property located at 698 Riverband Place in Henderson, Nevada in June, 2007. Using Homecomings as their mortgage lender, Plaintiffs executed a $200,000 loan secured by a first deed of trust and a mortgage note. Thereafter, Nationstar purchased the mortgage note and became the successor in interest to Homecomings. Additionally, ETS was substituted as trustee of the property. Plaintiffs allege that the terms and conditions of the loan were not adequately explained to them, were not suitable to their needs, and that Defendants acted in concert to disadvantage Plaintiffs.

On February 26, 2009, Plaintiffs commenced this action in the Eighth Judicial District Court for the State of Nevada. Plaintiffs seek compensatory and punitive damages, injunctive relief, attorney's fees, and costs. On June 4, 2009, Homecomings and ETS removed the case on the basis of diversity jurisdiction. On June 9, 2009, Homecomings and ETS moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. On June 18, 2009, Nationstar also filed a Motion to Dismiss. For the reasons discussed below, the Court grants Defendants' Motions to Dismiss and dismisses all of Plaintiffs' claims.

## DISCUSSION

### I. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach dis-trict courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

Plaintiffs assert nine claims in their Complaint against Defendants: (1) suitability; (2) breach of fiduciary duty; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) negligence; (6) negligence per se;(7) breach of covenant of good faith and fair dealing; (8) wrongful foreclosure; and (9) unfair lending practices. The Court will analyze Plaintiffs' claims in turn.

### A. Suitability

Plaintiffs' bring a suitability claim alleging that Defendants "retained a professional duty and obligation to … ensure tha[t] only those loans which were most suitable to their personal financial condition, the property at issue, and their financial well being would be presented and offered to them." (Dkt. # 1, Compl. ¶ 13.)

Suitability is not a recognized cause of action in the context of lender-borrower relationships in Nevada. The Court declines to create a new cause of action in the absence of any established statutory or other right. Accordingly, the Court dismisses Plaintiffs' suitability claim.

## B. Breach of Fiduciary Duty

■ A fiduciary is a "person who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, trust, confidence, and candor." *See* Black's Law Dictionary (8th ed.2004). Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties. *See Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1090 (D.Nev.2004) (stating "the Court is satisfied that the Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances"), *aff'd in relevant part by Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865 (9th Cir.2007).[1] Here, Plaintiffs have not alleged facts that could give rise to a special relationship or exceptional circumstances. Plaintiffs argue that Defendants undertook a fiduciary duty because they were compensated to work on Plaintiffs' behalf. However, payment for a lender's services does not amount to an exceptional circumstance between a borrower and a lender that gives rise to a special relationship. Thus, the Court dismisses Plaintiffs' breach of fiduciary duty claim for failure to state a valid claim.

## C. Negligent and Intentional Misrepresentation

■ Misrepresentation is a form of fraud where a false representation is relied upon in fact. *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871, 619 P.2d 816 (Nev.1980). Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R.Civ.P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007); *see also Morris v. Bank of Nev.*, 110 Nev. 1274, 886 P.2d 454, 456 n. 1 (1994).

■ Plaintiffs' claim for negligent misrepresentation fails because it was not pled with specificity under Rule 9(b). In *Barmettler v. Reno Air, Inc.*, the Nevada Supreme Court adopted the Restatement (Second) of Torts § 552 definition of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or

---

1. *See also Gen. Motors Corp. v. Bell*, 714 So.2d 268, 281 (Ala.1996); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 261 Cal.Rptr. 735, 740 (Cal.Ct.App.1989); *Capital Bank v. MVB, Inc.*, 644 So.2d 515, 518 (Fla.Dist.Ct.App. 1994); *Daniels v. Army Nat'l Bank*, 249 Kan. 654, 822 P.2d 39, 42 (1991); *Camden Nat'l Bank v. Crest Constr., Inc.*, 952 A.2d 213 (Me. 2008); *Dominquez v. Palmer*, 970 So.2d 737, 742 (Miss.Ct.App.2007); *Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114, 672 N.Y.S.2d 8, 14 (N.Y.App.Div.1998); *Lee v. LPP Mortgage Ltd.*, 74 P.3d 152, 161 (Wyo.2003).

competence in obtaining or communicating the information.

114 Nev. 441, 956 P.2d 1382, 1387 (1998). Plaintiffs contend that Defendants had a duty to make accurate, truthful, and complete representations in regards to their financing arrangements. Plaintiffs allege Defendants breached this duty by "failing to provide the information ... in a manner that they would understand" given their limited knowledge on mortgage finance. (Dkt. # 1, Compl. ¶ 26.) However, nowhere in the Complaint do Plaintiffs allege who made the fraudulent statements, when the statements were made, or where they were made. Moreover, Plaintiffs fail to allege the specific content of the fraudulent statements—their allegations only include broad generalizations. Thus, the Court dismisses Plaintiffs' negligent misrepresentation claim.

■ Similarly, Plaintiffs' intentional misrepresentation claim fails. To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance. *Barmettler*, 956 P.2d at 1386. Plaintiffs allege that Defendants intentionally misrepresented the nature of the loans by telling them that they needed a sub-prime mortgage and that "such a loan was in Plaintiffs' benefit and other misrepresentations which Plaintiffs relied upon in forming their decision regarding the loan transactions." (Dkt. # 1, Compl. ¶ 30.) Again, Plaintiffs' failed to plead any specific details of the alleged fraudulent statements to meet Rule 9(b)'s heightened pleading requirement. For instance, Plaintiffs did not specifically name which Defendant (or representative) misrepresented the nature of the loan prior to execution when the Complaint indicates that Defendants Nationstar and ETS were not involved in the negotiation of the loan. Neither did Plaintiffs state the time or place of the alleged misrepresentations. Accordingly, the Court dismisses Plaintiffs' intentional misrepresentation claims.

### D. Negligence

■ To bring a negligence claim in Nevada, a plaintiff must show that (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and proximate cause of the plaintiff's injuries; and (4) plaintiff was injured. *Scialabba v. Brandise Constr.*, 112 Nev. 965, 921 P.2d 928, 930 (1996). Liability based on negligence does not exist without a breach of a duty. *Bradshaw v. Blystone Equip. Co. of Nev.*, 79 Nev. 441, 386 P.2d 396, 397 (1963).

■ Plaintiffs claim Defendants owed them a duty to "perform their professional services in a manner which placed Plaintiffs' interests above the Defendants'." (Dkt. # 1, Compl. ¶ 14.) However, it is well-established that a lender does not owe a duty of care to its borrower. *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (Cal.Ct.App.1991) (holding that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"). Although Plaintiffs contend that a special relationship existed because Defendants provided advice on various loan options and they trusted Defendants' superior knowledge, those circumstances amount to a typical lender/borrower relationship and, therefore, do not amount to more than an arm's length transaction. *See Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 883–84 (9th Cir.2007). Because Defendants did not owe a duty of care, Plaintiffs cannot bring an actionable negligence claim under

Nevada law. Accordingly, the Court dismisses Plaintiffs' negligence claim.

### E. Negligence *per se*

■ To state a claim for negligence *per se*, a plaintiff must allege that (1) he or she belongs to a class of persons that a statute was intended to protect; (2) defendant violated the relevant statute; (3) plaintiff's injuries are the type against which the statute was intended to protect; (4) the violation was the legal cause of plaintiff's injury; and (5) plaintiff suffered damages. *See Anderson v. Baltrusaitis,* 113 Nev. 963, 944 P.2d 797, 799 (1997). Whether a particular statute establishes a standard of care in a negligence action is a question of law. *Vega v. E. Courtyard Assocs.,* 117 Nev. 436, 24 P.3d 219, 221 (2001).

■ Plaintiffs' claim that Defendants violated NRS 645 fails for two reasons. First, although Plaintiffs allege Defendants violated Nevada law, they make no factual allegations to support this legal conclusion. NRS section 645B.460 requires a mortgage broker to exercise reasonable supervision over the activities of his mortgage agents. This supervision must include written or oral policies and procedures and a system to review the activities of the mortgage agents. Nowhere do Plaintiffs allege that Defendants failed to establish adequate policies or a system to supervise its agents. Second, the Court is doubtful that a violation of NRS section 645B.460 can serve as the basis of a negligence *per se* claim. NRS Chapter 645B provides no private right of action for violations of NRS section 645B.460. Instead, it permits a person to file a complaint with the Commissioner of Mortgage Lending. After investigation, the Commissioner may recommend that the Attorney General pursue criminal charges or civil claims against the offending mortgage broker. Thus, the statute only provides for public enforcement of criminal and civil penalties. Even if Plaintiffs had adequately alleged a violation of NRS section 645B.460, the Court is doubtful that the violation would give rise to a private right of action under a negligence *per se* theory. Accordingly, the Court dismisses Plaintiffs' negligence *per se* claim.

### F. Breach of Covenant of Good Faith and Fair Dealing

■ Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County,* 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting the Restatement (Second) of Contracts § 205 (1981)). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.,* 107 Nev. 226, 808 P.2d 919, 923 (1991).

■ Plaintiffs also claim Defendants breached the covenant of good faith and fair dealing because the parties' agreements required Defendants to refrain from taking advantage of Plaintiffs in their weakened bargaining position and based on their lesser knowledge, skill, and education concerning loan transactions. (Dkt. # 1, Compl. ¶ 36.) Plaintiffs' claim fails because they do not allege facts indicating that Defendants were "unfaithful to the purpose of the contract." *See Hilton Hotels,* 808 P.2d at 923. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.,* 157 F.3d 933, 941 (2d Cir.1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct"). Instead of asserting that Defendants violated the terms of the

mortgage agreement, they argue that Defendants misrepresented the nature of the loans, which Plaintiffs relied upon in choosing a loan product. Even assuming these assertions are true, Plaintiffs have not stated a viable claim because none of these allegations show that Defendants violated the terms of the written mortgage contract or prevented Plaintiffs from receiving a contractual benefit. Because Plaintiffs' claim revolves entirely around alleged misrepresentations made before the contract was entered into, it fails as a matter of law. Therefore, the Court dismisses Plaintiffs' claim for breach of the covenant of good faith and fair dealing.

### G. Wrongful Foreclosure

In their Complaint, Plaintiffs also allege wrongful foreclosure. "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (1983). "The material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Id.*

Plaintiffs' claim for wrongful foreclosure falls short because they have failed to allege that they were not in default on their loan obligations when Defendant initiated the foreclosure proceedings. Although Plaintiffs claim that Defendants' actions were fraudulent, malicious, and oppressive, Plaintiffs do not affirmatively allege that they breached no condition of the mortgage agreement sufficient to permit foreclosure proceedings against them. Thus, the Court dismisses Plaintiffs' claim for wrongful foreclosure.

### H. Unfair Lending Practices

Lastly, Plaintiffs allege Defendants violated Nevada's Unfair Lending Practices Statute, NRS section 598D.100. This statute prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS § 598D.100(1)(b)(2007). Effective October 1, 2007, NRS section 598D.100 was amended to make it an unfair lending practice to "make a home loan ... to a borrower ... without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan." 2007 Nev. Stat. 2846 (amending NRS § 598D.100 (2003)).

Plaintiffs claim Defendants violated NRS section 598D.100 by knowingly or intentionally making a home loan without determining, through the use of commercially reasonable means, that they had the ability to repay the loan. (Dkt. # 1, Compl. ¶ 56.) However, Plaintiffs' claim is legally defective because it is based upon an amendment to NRS section 598D.100 that was not yet in effect when they executed the mortgage loan in June, 2007. Prior to that time—when Plaintiffs' loan was executed—NRS 598D only made it an unfair lending practice to "make a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets." NRS § 598D.100 (2003). Because Plaintiffs' address the statute only as amended in 2007—and only in conclusory fashion—they fail to state a viable claim under NRS 598D. Consequently, the Court dismisses Plaintiffs' claim for unfair lending practices.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Homecomings Financial and Executive Trustee Services' Motion to Dismiss or in the Alternative, for Summary Judgment (# 5) is GRANTED.

IT IS FURTHER ORDERED that Defendant Nationstar Mortgage's Joinder in Motion and Motion to Dismiss (# 9) is GRANTED.

The Clerk of the Court is instructed to close this case.